LUPLOW *v.* AUBRY CLEANERS & DYERS, INC.

1. TRIAL—COURT RULES—PRETRIAL PROCEDURE—DEFAULTS.
   The authority granted to circuit courts by the pretrial court rule is expressly limited to matters of procedure and was designed to authorize modifications "in the furtherance of justice" to better adapt the pretrial procedure to circuit court practice, but does not authorize the taking of a default because of the failure of counsel to appear at the pretrial hearing (Court Rule No 35, § 5 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3] 53 Am Jur, Trial § 11.
   Binding effect of court's order entered after pretrial conference. 22 ALR2d 599.

2. Same—Pretrial Conference—Limited Trial—Damages—Penalties.

The action of a trial court in limiting trial to matter of damages only when he set aside a default judgment that had been entered after defendant's attorney failed to appear at the pretrial hearing had the effect of imposing a penalty on the defendant because of such nonappearance of his attorney, action not even authorized by local rule relative to pretrial procedure (Court Rule No 35, § 5 [1945]; Saginaw Circuit Court Rules, pt 3, rule 6).

3. Same—Penalties—Nonappearance at Pretrial Conference.

Judgment entered after trial limited to issue of amount of damages sustained by plaintiff for alleged negligence of defendant in cleaning a blouse for plaintiff which she claimed resulted in a painful and disabling contact dermatitis *held*, to have constituted a penalty upon defendant for nonappearance of his attorney at pretrial hearing and to require a remand for trial on the issues presented by the pleadings, including that of liability (Court Rule No 35, § 5 [1945]; Saginaw Circuit Court Rules, pt 3, rule 6).

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 12, 1962. (Docket No. 86, Calendar No. 49,146.) Decided May 17, 1962.

Case by Ann K. Luplow against Aubry Cleaners & Dyers, Inc., a Michigan corporation, for damages because of skin irritation. Default of defendant entered for nonappearance at pretrial. Subsequent order provided for trial limited to question of damages. Judgment for plaintiff. Defendant appeals. Reversed and remanded for trial on issues presented on pleadings.

*James A. Brisbois*, for plaintiff.

*Floyd T. Fuss*, for defendant.

Carr, C. J. This case was instituted by plaintiff on May 3, 1960. The declaration filed alleged that defendant was engaged in the dry cleaning business

in the city of Saginaw, that on the 29th of October, 1957, plaintiff had delivered to defendant a wool blouse to be cleaned and pressed, and that on the return of the garment to her she paid for the services rendered. The pleading further set forth that after wearing the blouse for several hours plaintiff became aware of a burning sensation on her neck and discovered that the area was red and discolored.

Plaintiff asserted that it was the duty of the defendant to clean and press the garment in a safe and cautious manner and to return it to her in a wearable condition, but that defendant violated the duty resting on it in that the blouse was cleaned with a substance that was harmful to the human skin upon contact, and that there was negligence in failing to remove all dangerous substances therefrom before returning the blouse to the plaintiff. As a result plaintiff averred that she had suffered a painful and disabling contact dermatitis, and had incurred medical expense and suffered loss of earnings. She asked for judgment in the sum of $5,000.

Defendant by answer denied any negligence on its part in connection with the cleaning of plaintiff's garment and further asserted that no dangerous or injurious substances were used by it in the cleaning of clothing. A reply to the answer was filed and counsel for plaintiff demanded a jury trial. The pretrial hearing was set for September 7, 1960, at 11:30 in the forenoon. At said hearing counsel for plaintiff appeared but the attorney representing defendant did not do so. The trial judge waited until 11:55 and then advised counsel for plaintiff that, if he would file an order of default, judgment in plaintiff's favor would be entered. In accordance with such understanding an affidavit was filed by plaintiff's attorney setting forth the steps that had been taken in the case and the failure of defendant's counsel to appear at the pretrial hearing. Because of such fail-

ure the default of defendant was declared taken. Such affidavit was filed September 13, 1960, and 2 days later default judgment in the sum of $5,000 was filed by the court.

On November 17, 1960, counsel for defendant moved to set aside the default and judgment, alleging in his motion and in the affidavit filed in support thereof that the failure to appear at the pretrial hearing was occasioned by the fact that he was engaged in the trial of another case and overlooked the pretrial assignment. In said motion counsel also alleged that the default entered was improper, that the judgment should be set aside as unauthorized, and that all proceedings relating to said default and judgment should be considered as without force and effect.

Answer to said motion was filed by counsel for the plaintiff, and, following a hearing, an order was entered that the case should be brought on "for trial pursuant to the date set for its trial, solely for trial of the issue of damages, and the order of default heretofore entered is set aside to that extent and for that purpose." Said order was entered December 13, 1960, and on the 28th of December thereafter a pretrial hearing was had at which counsel for both parties appeared. Testimony was later taken before the judge without a jury, the issue being limited to the amount of recovery, and a finding made that plaintiff was entitled to damages for pain and suffering in the sum of $600. Judgment was entered accordingly and defendant has appealed.

In taking the action of which appellant complains the circuit judge relied on a provision of a local rule of the circuit designated as "part 3, rule 6" which reads in part as follows:

"The circuit judge conducting the pretrial shall have jurisdiction to enter judgment, or to dismiss the

action, as the case may be upon the failure of anyone to appear on hearing day or for failure to expeditiously complete any pretrial procedure."

On behalf of appellant it is contended in substance that the local rule did not justify the action taken, that it was and is repugnant to Michigan Court Rule No 35 (1945), and that limiting the trial of the cause to the issue of damages, thus denying to defendant the right to offer any defense on the question of liability, was in any event an abuse of discretion. Counsel for appellee advances the argument that Michigan Court Rule No 35, § 5 (1945),[*] authorized the adoption of the local rule under which the circuit judge acted. Said section of Rule No 35 provides as follows:

"The court may provide by rule a pretrial calendar on which actions may be placed for consideration and may also by rule amplify or modify the pretrial procedure as herein provided in the furtherance of justice."

The language quoted was added by amendment. It will be noted that the authority granted thereby to circuit courts, in addition to establishing a pretrial calendar, is the adoption of rules to "amplify or modify the pretrial procedure." The authority granted is expressly limited to matters of procedure, and was designed to authorize modifications "in the furtherance of justice", to better adapt the pretrial procedure to circuit court practice. It supplies no basis for the action of the trial court in the instant case. Court Rule No 35 does not authorize the taking of a default because of the failure of counsel to appear at a pretrial hearing. The specific grounds on which defaults may be based are otherwise provided. In effect the action of the trial court in the instant case amounted to imposing a penalty on de-

---

· * See amendment, 352 Mich xvi.—REPORTER.

fendant because its attorney failed to attend the pretrial. The local rule may not properly be construed as granting such authority.

It will be noted also that the rule adopted in the Saginaw circuit in terms authorized the circuit judge conducting the pretrial to enter judgment, or to dismiss the action on failure of appearance. It is apparent that the judgment first entered in plaintiff's favor was considered by the court and counsel as set aside by the subsequent order modifying the default and setting the case down for trial on the question of damages. The appeal here is from the judgment entered following such trial before the court. Obviously the judgment from which the appeal has been taken was not based on failure of counsel to appear at the first pretrial. In other words, granting a limited trial on the issue of damages only, followed by judgment based on the testimony taken, is not in accordance with the letter of the local rule.

Without reference to the other questions in the case we think there is much force in the argument that denying to defendant the right to present its defense to the asserted liability against it was, in any aspect of the situation, an undue hardship imposed on a party litigant. The cause was at issue under the pleadings, a jury had been demanded, and the explanation of defendant's counsel as to his failure to appear at the pretrial, which apparently was not disputed, indicated that his omission to attend the pretrial was not deliberate or premeditated but resulted from the fact that he was engaged in the trial of another case and overlooked the pretrial. For such omission defendant should not be penalized in the manner resulting from the order of the trial court.

Without discussing the matter in further detail we conclude that the judgment from which the appeal has been taken should be set aside, and the case

brought on for trial on the issues presented by the pleadings. Defendant may have costs.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.