KIEFER v THE GREAT ATLANTIC & PACIFIC TEA COMPANY,
INC.

1. JUDGMENT—DEFAULT—LITIGANTS—MANDATORY SETTLEMENT CON-
   FERENCES—COURT RULES.

   A default judgment may be entered against a litigant who fails to
   appear at a mandatory settlement conference (GCR 1963, 301.9,
   Wayne County Court Rule 8.3).

2. PARTIES—LITIGANT—INSURANCE ADJUSTERS—MANDATORY SETTLE-
   MENT CONFERENCES—INSURANCE—COURT RULES.

   A litigant is more than a party to a lawsuit; the term "litigant"
   includes one engaged in litigation, and usually spoken of active
   parties, not of nominal ones; an adjuster for an insurance
   company is a litigant within the meaning of a circuit court rule
   requiring litigants to be present at a mandatory settlement
   conference where the insurer covers the claim involved in the
   suit and would pay the ultimate judgment if any (Wayne
   County Court Rule 13).

3. JUDGMENT—DEFAULT—APPEAL AND ERROR—INSURANCE ADJUSTERS
   —MANDATORY SETTLEMENT CONFERENCES—AVOIDANCE.

   A trial court did not abuse its discretion in granting a default
   judgment in favor of a plaintiff when a defendant's insurer's
   adjuster failed to appear at a mandatory settlement conference
   where the court found that the adjuster's refusal to appear was
   a "deliberate effort" to avoid the settlement conference.

4. JUDGMENT—DEFAULT—SETTING ASIDE DEFAULT JUDGMENT—GOOD
   CAUSE—MERITORIOUS DEFENSES—AFFIDAVITS—COURT RULES.

   It is necessary for the party against whom a default judgment

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 47 Am Jur 2d, Judgments §§ 1166, 1168.
   Pre-trial proceedings: judgment in favor of plaintiff for defendant's
   failure to appear, or to answer questions or interrogatories, in
   pretrial proceedings. 6 ALR3d 713.
[2] 59 Am Jur 2d, Parties § 1 *et seq.*
   Adjuster's acts: insurer's *tort liability for acts of adjuster seeking to
   obtain settlement or release.* 39 ALR3d 739.
[4] 46 Am Jur 2d, Judgments § 740.

was entered to show good cause for setting it aside and a meritorious defense supported by factual affidavits before the judgment can be set aside; the affidavits' requirement is mandatory and the trial court's discretion to set aside the default is not engaged until they are filed, even if good cause is shown (GCR 1963, 520.4).

Appeal from Wayne, Michael L. Stacey, J. Submitted October 19, 1977, at Detroit. (Docket No. 77-1436.) Decided January 5, 1978.

Complaint by Molly Kiefer against The Great Atlantic & Pacific Tea Company, Inc., Davidson Investment Company, Tom Verbison, and Arnold Cleaners, Inc., seeking damages for injuries sustained from a slip and fall on ice in a parking lot. Third-party claim by defendant A & P against Davidson Investment Co., Tom Verbison, and Arnold Cleaners, Inc. Plaintiff's claims against all defendants except A & P were dismissed. Default judgment against A & P. Defendant A & P appeals. Affirmed.

*Donald A. Miller,* for plaintiff.

*Lewis, White, Clay & Graves, P. C.,* for The Great Atlantic & Pacific Tea Co., Inc.

*John N. Highland,* for Davidson Investment Company.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

T. M. BURNS, P. J. The Great Atlantic & Pacific Tea Company, Inc. [hereafter A & P] appeals from the entry of a default judgment in favor of plaintiff. The default was taken when A & P's insurer's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

adjuster failed to appeal at the mandatory settlement conference, Wayne County Court Rule 13.1,[1] when requested to do so by the court. The trial court refused to set aside the default. We affirm.

Plaintiff brought suit against A & P for damages sustained from a slip and fall on ice in a parking lot shared by A & P and other businesses. A & P initiated a third-party action against those businesses and the snow removal service for the lot, and plaintiff amended her pleadings to include these defendants in her suit.

The case was noticed ready for trial, and the mandatory settlement conference was scheduled. At the conference, plaintiff settled her claims against all defendants except A & P. A & P was represented at the conference by an attorney with the authority to settle the claim for $7,500. This sum was rejected by plaintiff and her attorney.

When this impasse was reached, the court ordered A & P's attorney to make the insurance adjuster responsible for this claim available so that settlement negotiations could continue. When notified, the adjuster failed to appear. The court then granted plaintiff's motion for default judg-

[1] Wayne County Court Rule 13.1 provides: "A mandatory settlement conference must precede the trial of a civil action. It is to be held the afternoon of the court day immediately before the day trial is scheduled to commence. Written notice that the settlement conference is to be held must be sent to the attorneys or parties in pro per. The notice must contain the name of the judge to whom it is assigned and the time and date of the conference.

"The attorneys who will be trying the action and the litigants must be present at this conference. If the action is not settled at the settlement conference, trial will commence at 9:00 A.M. on the court day immediately following the conference unless the judge who conducts the settlement conference is unavailable. If he is, the action must be returned to the 'Spin-Off' calendar for reassignment to another judge. Under no circumstances may an action be returned to the 'Spin-Off' calendar prior to 3:30 P.M. on the settlement conference day.

"If a judge to whom a settlement conference is assigned is absent, the judge's designated alternate shall conduct the conference."

ment and, after taking proofs, set damages at $44,000.

## I

Relying on *Luplow v Aubry Cleaners & Dyers, Inc,* 366 Mich 353; 115 NW2d 110 (1962), A & P argues that the granting of a default judgment for nonappearance is not within the power of the court. In *Luplow* the Court stated that the granting of a default judgment pursuant to a local court rule, because of defendant's attorney's failure to appear at a pretrial conference, was beyond the power of the circuit court. The general court rule in effect at that time[2] did not authorize default for nonappearance. The local rule, which did provide for default, was found to be no basis for the trial court's action in light of the lack of such authority in the general court rule.

That is not the situation today. Both GCR 1963, 301.9 and Wayne County Court Rule 8.3 specifically authorize the entry of default for nonappearance. *Luplow* must be considered superseded by the promulgation of these rules. See, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 11, 1977 Supp p 26.

## II

A & P next argues that the granting of default judgment on the facts before him was an abuse of discretion by the circuit judge.

Wayne County Court Rule 13, see note 1, *supra,* requires that "[t]he attorneys who will be trying the action and the litigants must be present" at the mandatory settlement conference. A & P was

---

[2] Court Rule No 35, § 5 (1945).

present by its attorney who had authority to settle the matter for up to a specific sum. When negotiations reached an impasse at this sum, the trial court ordered A & P's attorney to bring in someone with authority to continue negotiations, in this case A & P's insurer's adjuster.

The rule referred to requires litigants to be present, not parties and not just attorneys. A litigant is more than a party to a lawsuit. That term includes "one engaged in litigation; usually spoken of active parties, not of nominal ones". Black's Law Dictionary (rev 4th ed), p 1082. An adjuster for the insurance company which covered the claim, and would pay the ultimate judgment if any, is a litigant within the meaning of this rule. If it were otherwise, the trial court would be deprived of the authority to compel attendance of those who could conduct meaningful negotiations and the purpose of the local rule would be thwarted.[3]

The trial court did not abuse its discretion in granting default here. At the time the adjuster was contacted by A & P's attorney, he was but seven blocks from the location of the conference. The trial court found that the refusal to appear was a "deliberate effort" to avoid the settlement conference.[4] Deliberate efforts to avoid mandatory

---

[3] We realize, of course, that a special problem is presented when the defendant is a corporation. However, the party must be represented at these conferences by someone with authority to settle the suit in the same manner as an individual party. In most instances, this will mean someone with discretion to make and accept offers not limited by predetermined amounts.

[4] We reject summarily the claim that it is necessary to serve the insurance company or adjuster with formal notice or that a failure to do so resulted in the denial of due process. See, *Link v Wabash R Co,* 370 US 626; 82 S Ct 1386; 8 L Ed 2d 734 (1962).

The adjuster was given notice that his presence was required by A & P's attorney. The court found his failure to appear after receiving this actual notice a deliberate effort to avoid the conference.

proceedings will result in the harsh consequence of a default judgment.

## III

A & P finally claims the trial court erred in refusing to set aside the default judgment. The motion to set aside the default judgment in the trial court was accompanied by an affidavit of the adjuster explaining his refusal to attend the conference and an affidavit by A & P's attorney based on information and belief.

Before a default judgment will be set aside under GCR 1963, 520.4, it is necessary for the party against whom the default was entered to show good cause for setting it aside and a meritorious defense supported by factual affidavits. See, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 662–663.

In this case, no affidavits were presented setting forth a meritorious defense to plaintiff's slip and fall claim. The affidavit requirement is mandatory and the trial court's discretion to set aside the default is not engaged until the affidavits are filed, even if good cause is shown. There was no error in the trial court's refusal to set aside the default. *Butler v Cann,* 62 Mich App 663; 233 NW2d 827 (1975), *Asmus v Barrett,* 30 Mich App 570; 186 NW2d 819 (1971).

Affirmed.