SCRASE v BANTLE

Docket No. 45564. Submitted March 5, 1980, at Detroit.—Decided August 13, 1980. Leave to appeal applied for.

Laurie E. Scrase, administratrix of the estate of Steven J. Scrase, deceased, brought a wrongful death action against Roxann Bantle and Michael J. Aiello arising out of an automobile accident in the State of Florida in which plaintiff's decedent was killed. The first hearing of the case resulted in a mistrial, and, after the matter was again noticed for trial and further adjournments occurred, the trial judge, on his own motion, directed mediation, which resulted in an award for plaintiff which defendants accepted, but which was rejected by plaintiff. A mandatory settlement conference was then scheduled, pursuant to local court rule, and trial was noticed. However, upon failure to hold the settlement conference on the date scheduled, the court informed the parties that the conference would be held on the date originally set for trial. No settlement was subsequently reached, and the court directed the parties to return the following day, at which time defendants increased their offer to plaintiff, which was rejected. The Macomb Circuit Court, George R. Deneweth, J., upon being informed that additional authority would have to be obtained from a review committee at the home office of defendants' insurer prior to raising the settlement offer, ordered the insurer to provide someone with authority to settle to appear in court the same day, and, upon failure of defendants' insurer to so provide, entered a default judgment for plaintiff. After proofs on damages were taken, damages and interest were awarded to plaintiff. Defendants' motion to set aside the default judgment was

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts §§ 69, 79.

46 Am Jur 2d, Judgments §§ 18, 682, 1158, 1180.

Opening default or default judgment claimed to have been obtained because of attorney's mistake as to time or place of appearances, trial, or filing of necessary papers. 21 ALR3d 1255.

[3] 46 Am Jur 2d, Judgments § 682.

[4] 22 Am Jur 2d, Death § 2 et seq.

denied. Defendants appeal, alleging the trial court's granting of a default judgment was an abuse of discretion. *Held:*

The trial court relied on *Kiefer v The Great Atlantic & Pacific Tea Co, Inc,* 80 Mich App 590 (1978), which held that a court does not abuse its discretion where it enters a default judgment for nonappearance pursuant to a local court rule. The rule in question provided that a representative of the defendant with authority to settle must be present at a scheduled settlement conference, but defendant did not comply. Thus, the trial court did not abuse its discretion by granting default judgment.

Affirmed.

CYNAR, J., dissented. He would hold that *Kiefer,* which held that deliberate efforts to avoid mandatory proceedings will result in the harsh consequences of a default judgment, is distinguishable from the case at bar, since a representative of defendants' insurer with actual authority to settle the claim up to a specified limit was available for immediate appearance. In addition, insurance representatives were present for prior settlement conferences on several occasions, but were not consulted. Thus, there was no deliberate effort to avoid the settlement conference, and it was error for the trial court to enter a default judgment, since, if settlement was not possible, either side had a right to have the matter tried on the merits. He would reverse.

### OPINION OF THE COURT

1. JUDGMENTS — DEFAULT JUDGMENT — JUDICIAL DISCRETION — LOCAL COURT RULES.

   A trial court does not abuse its discretion where it enters a default judgment for nonappearance of a representative of a party with authority to settle at a mandatory settlement conference as required by a local court rule.

### DISSENT BY CYNAR, J.

2. JUDGMENTS — DEFAULT JUDGMENT — JUDICIAL DISCRETION — LOCAL COURT RULES.

   *A trial court does not abuse its discretion where it enters a default judgment upon the failure of a representative of a party with authority to settle at a mandatory settlement conference as required by a local court rule.*

3. JUDGMENTS — DEFAULT JUDGMENT — ERROR — REDUCTION OF CLAIM.

   *It would be error to enter a judgment of a default against a plaintiff for not reducing his demand for settlement in a wrongful death action.*

4. Actions — Wrongful Death — Right to Trial.

*A party to a wrongful death action has a right to have the matter tried on the merits where settlement is not possible.*

*Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman),* for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *Mark D. Shorys),* for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and R. M. Maher and Cynar, JJ.

Per Curiam. Plaintiff sued defendants in a wrongful death action arising out of an automobile accident in the State of Florida, in which plaintiff's decedent was killed. Defendants appeal as of right from a default judgment entered against them.

In granting default judgment against defendants the trial court relied upon *Kiefer v The Great Atlantic & Pacific Tea Co, Inc,* 80 Mich App 590; 264 NW2d 71 (1978). An examination of the record and briefs indicates that *Kiefer, supra,* was properly applied to the facts in this case and that the trial court did not abuse its discretion by granting default judgment.

Affirmed.

Cynar, J. *(dissenting).* This matter was first noticed for trial on July 27, 1978, with a settlement conference scheduled one week prior to the trial date on July 20, 1978. The schedule of cases for trials and settlements set for Thursday, July 20, 1978, had the following notice printed at the bottom of the schedule:

"By the direction of the Honorable George R. Denew-

eth, the Plaintiff personally and a representative of the Defendant with authority to settle MUST be present at the scheduled settlement conference."

The parties appeared in court, with a representative of defendant's insurance carrier being present. The case was not settled, and trial commenced on July 27, 1978, but resulted in a mistrial.

The matter was then noticed for trial on November 8, 1978. The parties appeared, and, prior to trial commencing, plaintiff brought on a motion *in limine* which was argued and granted. Judge Deneweth then ordered the parties to appear one week later on November 14, 1978, for trial, but, because of a death in plaintiff's counsel's family, an adjournment was granted. Judge Deneweth, on his own motion, directed that the matter be placed on the mediation docket. The mediation conference took place on January 29, 1979, and plaintiff received an award of $130,000. Defendants accepted the mediation award. However, plaintiff rejected it.

Defense counsel was advised that a mandatory settlement conference was scheduled for May 4, 1979, while trial was noticed for May 10, 1979. The settlement conference did not take place on May 4, 1979. The court informed the parties that a settlement conference, rather than trial, would be conducted on May 10, 1979. On May 10, 1979, defense counsel and a representative from the Insurance Company of North America were present to discuss a settlement. While plaintiff's counsel appeared, *plaintiff* was not present. Plaintiff's demand on May 10, 1979, was $145,000. The trial judge indicated to defendants that if they could not secure authority to settle for $145,000 by the following day, trial would commence at 8:30 a.m. on May 11, 1979.

On the morning of May 11, 1979, the defendants increased their offer to $135,000, which was rejected. At Judge Deneweth's request, James Schloegel, insurance claims supervisor, called and advised the judge that a review committee in Philadelphia, Pennsylvania, had to be contacted to secure additional authority to settle the claim for a greater amount. Judge Deneweth ordered the committee to appear in court the same day. Schloegel advised the judge that he lacked authority to compel the committee to come to Michigan from Philadelphia. The judge indicated that he was following the doctrine laid down in *Kiefer v The Great Atlantic & Pacific Tea Co, Inc,* 80 Mich App 590; 264 NW2d 71 (1978), and entered the default of the defendants for failure to have present, in accordance with the court's blanket order, a representative of the defendant with authority to settle.

After proofs on damages were taken, the trial court found damages totalling $163,464 and interest totalling $28,558.50 and entered a judgment to that effect on May 23, 1979. The motion to set aside the default judgment was denied.

In *Kiefer,* plaintiff brought suit against A & P for injuries sustained in a parking lot shared by A & P with other business establishments. Pursuant to Wayne County Court Rule 13.1, as then in effect,[1] the case was noticed for settlement confer-

---

[1] For the language of the local court rule as in effect on the date the settlement conference was held in *Kiefer,* see *Kiefer, supra,* 592 n 1. Wayne County Court Rule 13.1 now provides:

"A mandatory settlement conference must precede the trial of a civil action. It is to be held immediately before the trial is scheduled to commence. Written notice that the settlement conference is to be held must be sent to the attorneys or parties *in propria persona.* The notice must contain the name of the judge to whom it is assigned and the time and date of the conference.

"The attorneys who will be trying the action, the litigants, and, if the defendant has an insurance carrier, a representative of defen-

ence. At the conference, plaintiff settled with all
defendants except A & P. A & P was represented
by the conference by an attorney with authority to
settle for $7,500. When plaintiff rejected the A & P
settlement offer, the trial court ordered A & P's
attorney to make the insurance adjuster responsi-
ble for the claim available to continue the settle-
ment negotiations. The insurance adjuster failed to
appear when notified and the trial court entered a
default against the defendant. The *Kiefer* Court
concluded:

> "The trial court did not abuse its discretion in grant-
> ing default here. At the time the adjuster was contacted
> by A & P's attorney, he was but seven blocks from the
> location of the conference. The trial court found that
> the refusal to appear was a 'deliberate effort' to avoid
> the settlement conference. Deliberate efforts to avoid
> mandatory proceedings will result in the harsh conse-
> quence of a default judgment." 80 Mich App 594-595.

The facts and circumstances in this case are not
the same as in *Kiefer*. Here an insurance claims
representative was personally present on each and
every date except on the morning of May 11, 1979,
since, on that date, defendants were under the
impression trial would commence. All the same,
on May 11, 1979, Mr. Schloegel, the local insur-
ance claims supervisor, was available for an imme-
diate appearance. However, the court ordered the
appearance of the claims committee from the
home office in Philadelphia. On several occasions,
insurance representatives were present for settle-
ment conferences, although they were not con-

dant's insurance carrier with authority to settle must be present at
this conference. If the action is not settled at the settlement confer-
ence, trial will commence immediately following the conference un-
less a trial judge is unavailable. If a trial judge is unavailable, the
action must be returned to the 'Spin-Off' calendar."

sulted. The insurance claims representative was extended actual authority to settle the matter in the amount of $135,000. There was no "deliberate effort" to avoid the settlement conference.

It would be error to default plaintiff for not reducing the demand to settle to $140,000 or $135,-000. If settlement was not possible, either side had a right to have the matter tried on the merits. Much settlement discussion took place in this matter. Each side was represented by highly recognized as well as respected counsel. Both sides were strong in their position to go to trial on the matter unless the settlement was according to their respective terms.

I respectfully maintain the defendant should not have been subjected to the harsh consequences of a default judgment under the facts in this case, and I would reverse.