McGEE v MACAMBO LOUNGE, INC

Docket No. 83105. Submitted March 11, 1986, at Detroit. Decided March 3, 1987.

Willie J. McGee, Jr., and his wife, Charlotte A. McGee, brought an action in the Wayne Circuit Court against Macambo Lounge, Inc., Larry R. Beedle and Kenneth Korzynski, seeking compensation for injuries Mr. McGee allegedly received in a fight at the Macambo Lounge with Beedle and Korzynski, employees or agents of Macambo Lounge. At a settlement conference conducted by the trial court, Michael L. Stacey, J., defendants made a settlement offer limited to an amount attainable from defendants' liability insurer, Ambassador Insurance Company. The trial court adjourned the settlement conference and ordered defendants to produce a representative from their insurer on the date set for the conference to reconvene. When no such representative was produced, the trial court entered a default judgment in the amount of $125,000 in favor of plaintiffs. Defendants appealed.

The Court of Appeals held:

The Michigan Court Rules provide that a trial court may enter a default judgment for the failure of a party or the party's attorney to attend a scheduled pretrial conference or for the failure of a party or an officer, director or managing agent of a party to appear as ordered by the court. The trial court's entry of a default judgment against defendants for their failure to produce a representative of their insurer, however, is not authorized under the Michigan Court Rules or under the local court rules for Wayne County and was therefore an abuse of the trial court's discretion.

Judgment of default was set aside and case remanded.

Judgment — Default Judgment — Pretrial Conferences — Nonappearance — Court Rules.

A trial court abuses its discretion where it grants a default

References

Am Jur 2d, Judgments §§ 1152 et seq.

Failure of party or his attorney to appear at pretrial conference. 55 ALR3d 303.

judgment in favor of a plaintiff based on the defendant's failure to produce a representative from his liability insurer at a settlement conference as ordered by the trial court where authority to grant a default judgment on such basis is not provided by court rule (MCR 2.401[F], 2.506[F]).

*Samuel V. Thomas, P.C.* (by *Samuel V. Thomas*), for plaintiffs.

*Kaufman & Payton* (by *Heidi Dammers Hudson*), for defendants.

Before: BRONSON, P.J., and R. B. BURNS and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Defendants appeal as of right from a March 12, 1985, default judgment entered in favor of plaintiffs which awarded plaintiffs damages in the amount of $125,000.

Plaintiffs filed their lawsuit on December 21, 1981, in the Wayne Circuit Court seeking compensation for injuries allegedly received by plaintiff Willie McGee when he was involved in a fight on the premises of defendant Macambo Lounge, Inc., with defendant Korzynski and Beedle, both employees or agents of Macambo Lounge. Defendants answered the plaintiffs' complaint denying liability for plaintiffs' injuries and alleging that any injuries sustained by plaintiffs were the result of plaintiff Willie McGee's own wilful acts.

At the time of the incident defendants were covered by a policy of insurance issued by Ambassador Insurance Company of Vermont.

On November 23, 1983, Ambassador Insurance Company consented to a receivership for the purpose of rehabilitation. The receivership was requested by the Commissioner of Banking and Insurance for the State of Vermont. On December

---

* Circuit judge, sitting on the Court of Appeals by assignment.

12, 1983, a six-month stay of proceedings was entered which precluded further proceedings in this case through June 12, 1983.

The case was mediated on March 29, 1984, and an award was entered by the mediation panel of the sum of $65,000. Plaintiffs accepted the mediation evaluation. Defendants, by not rejecting the same, accepted the mediation, but were successful in setting aside the acceptance and entering a rejection of the mediation evaluation.

The parties received notice of a settlement conference scheduled for September 10, 1984. No compromise settlement was reached at such conference. Thereafter trial dates for the case were set for October 2, 1984, November 5, 1984, and February 26, 1985. On the first two dates, the court conducted a settlement conference rather than proceeding to trial and did not proceed to trial thereafter.

Again on February 26, 1985, the court conducted a settlement conference, at which defendants made a contingent-type settlement offer which would have limited plaintiffs' recovery to that attainable from defendants' insurance company.

The judge ordered the defendants to produce a representative from their insurance company in court on February 28, 1985. At the February 28, 1985, conference, defendants' counsel contended that two days notice was insufficient time to enable an insurance company representative to appear in court in the State of Michigan. In response to such objection the judge indicated he would adjourn the settlement conference until March 7, 1985.

Although granting an adjournment of the conference, the judge did receive the testimony of plaintiff Willie McGee for preservation on February 28, 1985.

At the adjourned conference on March 7, 1985, defense counsel appeared but no representatives of Ambassador Insurance Company were in attendance.

The court then indicated it would find defendants in default, and on March 12, 1985, entered a default judgment in favor of plaintiffs against defendants in the amount of $125,000, which judgment recited that the default of the defendants was being taken for failure to plead or otherwise defend in the action and further recited that it was being entered in accordance with MCR 2.603.

The trial court's entry of a default judgment must be evaluated on appeal under the abuse of discretion standard. *Comstock Construction Co v LHG Investment Co,* 126 Mich App 408, 411; 337 NW2d 82 (1983).

Because the default judgment in this case recites that default was entered as provided in MCR 2.603, it is apparent that we must look to applicable provisions of the Michigan Court Rules, effective March 1, 1985, and local rules adopted pursuant thereto, rather than to the general court rules and local rules in effect prior to March 1, 1985.

I

A default judgment, to be valid, must be sanctioned by applicable state court rules. *Luplow v Aubry Cleaners & Dyers, Inc,* 366 Mich 353, 356-358; 115 NW2d 110 (1962).

Default for failure to attend a pretrial conference or a settlement conference is governed by MCR 2.401(F):

(F) Failure to attend; default.
(1) Failure of a party or the party's attorney to attend a scheduled pretrial conference, as directed

by the court, constitutes a default to which MCR 2.603 is applicable or grounds for dismissal under MCR 2.504(B).

and MCR 2.506(F):

> (F) Failure of party to attend.
> If a party or an officer, director, or managing agent of a party fails to attend . . . pursuant to a subpoena or an order to attend, the court may:
>
> \*    \*    \*
>
> (6) enter judgment by default against that party.

Clearly, default is authorized if a "party or an officer, director, or managing agent of a party" fails to appear at a pretrial or settlement conference after having been ordered to attend.

Neither of said court rules authorized default of a party for the failure of a representative of the party's insurance carrier to attend a settlement conference.

There is no indication that default in this case rested upon the failure of a named party or attorney for a named party to appear at any of the scheduled pretrial or settlement conferences or trial dates.

MCR 2.506(A)(2) provides as follows:

> the court may require a party and a representative of an insurance carrier for a party with authority to settle to be present or immediately available at trial or for a conference held for the purpose of settlement.

Wayne Circuit Court Rule 2.401 provides in part as follows:

> (a) Mandatory Settlement Conference. A mandatory settlement conference must precede the trial

of a civil action. . . . The attorneys who will be trying the action, the litigants, and, if the defendant has an insurance carrier, a representative of defendant's insurance carrier with authority to settle, must be present at this conference.

There is no Wayne Circuit Court Rule relating to default.

Plaintiff relies upon the case of *Kiefer v The Great Atlantic & Pacific Tea Co, Inc,* 80 Mich App 590; 264 NW2d 71 (1978), which arose under former Wayne Circuit Court Rule 13.1 and GCR 1963, 301.9.

Former Wayne Circuit Court Rule 13.1 provided in part as follows:

A mandatory settlement conference must precede the trial of a civil action. . . . The attorneys who will be trying the action, the litigants, and, if the defendant has an insurance carrier, a representative of defendant's insurance carrier with authority to settle must be present at this conference.

Rule 13.1 had been approved by the Michigan Supreme Court pursuant to GCR 1963, 927.

GCR 301.9 provided in part as follows:

.9 Default. Failure to appear at a duly scheduled pretrial conference. . . . shall constitute a default to which provisions of GCR 520 shall be applicable.

The provisions of GCR 1963, 301.9 were sufficiently general to permit default for the nonappearance of an insurance representative who was properly ordered to appear at a settlement conference.

The default provisions of MCR 2.401(F) and MCR 2.506(F) are specifically limited to the failure

of a party or a party's attorney to attend a conference as ordered by the court.

It is possible that the drafters of the new Michigan Court Rules were concerned about the harshness of a default sanction imposed against a party for the failure or refusal to attend of an insurance carrier, whose actions are not within the direct control of a named party, and whose interests might, as in this case, be adverse to the interests of the named party.

MCR 2.506 deals with the appearance of parties, witnesses and insurance representatives. If a party fails to attend, the remedy and sanctions, including default, are directed at such party. If a nonparty witness fails to obey a subpoena or order to attend, the remedy and sanctions are penalties *against the witness* for contempt of court. If the representative of a nonparty insurance carrier fails to attend, the remedy and sanctions are less clear, but arguably consist of penalties against the offending insurance carrier or representative for contempt of court.

II

Even if MCR 2.401(F) and MCR 2.506(F) were to be interpreted to permit the default of a party, under some circumstances, for the failure of an insurance representative to attend a settlement conference, we believe the facts in this case do not justify the default of defendants. If it is clear that the insurance carrier is collectible and that the ultimate financial burden of the default and default judgment would be borne by the insurance carrier rather than by the named defendants, default would be equitably justifiable. In this case, however, the nonappearing, nonresident insurance carrier is in receivership, may well be uncollect-

ible, and the financial burden of a default judgment is likely to rest in whole or in part on the named defendants. On these facts, the named defendants are equitably the real parties in interest, and should be able to elect either to agree on a sum to pay plaintiffs or to have the dispute tried before a jury.

On either basis, an abuse of discretion occurred in granting a default judgment in this case.

In view of the foregoing analysis it is not necessary for this Court to address the remaining issues raised on appeal.

We hereby set aside the default and the default judgment entered on March 12, 1985, for the reasons stated herein, and remand this case for further proceedings consistent with this decision.

BRONSON, P.J., did not participate.