*In re* FORFEITURE OF ONE 1987 GMC STATION WAGON

Docket No. 114327. Submitted April 4, 1990, at Lansing. Decided September 6, 1990; approved for publication November 9, 1990, at 9:02 A.M.

Douglas F. Derderian was convicted of possession of cocaine. At the time of his arrest, he was driving a 1987 GMC station wagon owned by Levon Industries, Inc., a corporation owned by his father. The Lenawee County Sheriff's Department initiated forfeiture proceedings in the Lenawee Circuit Court, and Levon Industries timely filed a claim of interest, contending exemption from forfeiture on the basis of lack of knowledge of or consent to Derderian's wrongdoing. After Derderian, on advice of counsel, refused to comply with the court's order compelling discovery, asserting his constitutional right against self-incrimination, the court, John C. Timms, J., granted a default judgment against both Derderian and Levon Industries. Levon Industries appealed.

The Court of Appeals *held:*

1. While a trial court may impose as a sanction a default judgment for failure to obey an order of discovery, the default can only be had against the disobedient party.

2. Nothing in the forfeiture statute requires a party claiming an ownership interest in a vehicle to seek relief from or initiate discovery against the driver of the vehicle.

3. Even if Levon Industries were deemed to be a disobedient party within the meaning of the court rule, a default judgment is too harsh a sanction under the circumstances, given the range of alternative remedies.

4. The question of piercing the corporate veil was not raised below and thus will not be heard on appeal.

Reversed and remanded.

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 391, 392; Forfeitures and Penalties §§ 18-20, 25.

Judgment in favor of plaintiff in state court action for defendant's failure to obey request or order to answer interrogatories or other discovery questions. 30 ALR4th 9.

Relief to owner of motor vehicle subject to state forfeiture for use in violation of narcotics laws. 50 ALR3d 172.

1. JUDGMENTS — DEFAULT JUDGMENTS — DISCOVERY.

The sanction of default judgment against a party who has wilfully failed to comply with an order of discovery may be granted only against the party which failed to comply and should be granted only where the conduct of the offending party was inexcusable (MCR 2.313[B][2][c]).

2. CONTROLLED SUBSTANCES — TRANSPORTATION — FORFEITURE OF VEHICLES — EXEMPTION.

An owner of a vehicle that is the subject of a forfeiture action as a conveyance used to transport a controlled substance need not initiate discovery of or otherwise seek relief against the driver of the vehicle in order to obtain exemption from forfeiture, even where the driver and the owner are closely related (MCL 333.7521 *et seq.*; MSA 14.15[7521] *et seq.*).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Nathan T. Fairchild,* Prosecuting Attorney, and *Irving C. Shaw, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Bruce T. Leitman,* for the defendant.

Before: WAHLS, P.J., and MARILYN KELLY and G. S. ALLEN,* JJ.

PER CURIAM. Defendant Levon Industries, Inc., the registered owner of a 1987 GMC station wagon, appeals as of right from a default judgment entered in the Lenawee Circuit Court on December 15, 1988, which resulted in the forfeiture of the vehicle. The principal question raised on appeal is whether it was error for the trial court to impose as a sanction on the defendant owner a default judgment on the basis of the driver's failure to proceed with discovery in the civil forfeiture proceedings. We answer that question in the affirmative and reverse.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

On April 4, 1987, Douglas Frederick Derderian was arrested and charged with possession of cocaine. At the time of his arrest, Derderian was driving the vehicle in question and was carrying $2,100 in cash. On May 13, 1987, the Lenawee County Sheriff's Department initiated proceedings for forfeiture under MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.*, listing the cash and the vehicle. Levon Industries filed a timely claim of interest, contending that under § 7521(1)(d)(ii) the vehicle was exempt from forfeiture because the corporation had no knowledge of Douglas' alleged wrongdoing and did not consent to it. To this defense, the prosecution responded that Levon Industries was a corporation wholly owned and controlled by Levon Derderian, father of Douglas.

Fifteen days before the scheduled start of the criminal trial of Douglas on the underlying charge of possession of cocaine, the prosecution scheduled the taking of Douglas' deposition. On the day before the deposition was set to be taken, Douglas' independent criminal defense counsel informed the prosecution that Douglas would exercise his constitutional privilege against self-incrimination. The deposition was cancelled.

On a motion by the prosecution for an order compelling discovery, the court extended discovery to February 15, 1988, thus taking discovery beyond November 19, 1987, the date on which Douglas was convicted of possession of cocaine. At pretrial conferences held on March 24 and May 9, 1988, discovery was again extended. Finally, on August 12, 1988, at a further pretrial conference, the court indicated to the parties, in chambers, that if the prosecution, after further effort, could not depose Douglas, then the court would entertain a motion for a default judgment against both Douglas and Levon Industries.

As directed by the court, the prosecution scheduled Douglas' deposition for September 20, 1988. On September 16, 1988, criminal defense counsel for Douglas again notified the prosecution that Douglas would assert his constitutional privilege during the pendency of Douglas' appeal of his conviction in the criminal case. Default judgment was entered against Levon Industries and Douglas on November 21, 1988. The corporation's motion to set aside the default judgment was denied, and defendant Levon Industries, Inc., then appealed.

MCR 2.313(B) sets forth the sanctions which a trial court may impose for wilful failure to comply with an order of discovery. Subsection 2.313(B)(2) (c) speaks specifically of the sanction of default and authorizes the sanctioning of the offending party by entry of

> an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering *a judgment by default against the disobedient party.* [Emphasis supplied.]

The key words are "against the disobedient party." In the instant case the disobedient party was Douglas, not Levon Industries. Levon Industries complied with the forfeiture statute in every respect. As required, Levon filed its claim of interest, filed an appropriate witness list, and submitted answers to the prosecution's interrogatories, all within the time demanded by the statute. It is apparent from the trial court's statement upon refusing to set aside the default that the court imputed Douglas' refusal to answer the interrogatories to Levon Derderian, sole shareholder of Levon Industries.

*The Court:* I'm sure if Mr. Derderian, the owner

of Levon Industries, wanted his son to testify, his son would testify. And I would have some great difficulty in feeling that because that's a corporation, that we shouldn't look beyond it and we shouldn't say, no, sole owner doesn't have to have his son testify.

While we empathize with the trial court's frustration in this matter, we nevertheless find the sanction imposed to be clearly beyond the authority granted under MCR 2.313(B). The court rule does not grant authority to impose the sanction of default on a complying party. Yet that is precisely what the trial court did here.

At oral argument on appeal, the prosecution argued that the trial court was within its discretion when it lifted the corporate veil to impose sanctions. However, at trial the doctrine of "piercing the corporate veil" was not raised. In the absence of prejudice, an argument raised for the first time on appeal is deemed waived. *People v Lyles,* 148 Mich App 583, 595; 385 NW2d 676 (1986).

Both in the trial court and on appeal, the prosecution also argued that, because throughout the forfeiture proceedings Levon Industries made no effort to seek relief against Douglas for the loss of the vehicle, and did nothing to secure evidence by discovery or by any other means which might have established the corporation's claim that Douglas' use of the vehicle for drug trafficking purposes was without the corporation's permission or knowledge, Levon Industries was in effect a "disobedient party" against whom the sanction of default could be imposed. We disagree.

We find nothing in the forfeiture statute, MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.,* which directly, or by implication, requires a vehicle

owner to pursue its defenses by initiating discovery of or otherwise seeking relief against the driver. This is particularly true where, as here, the driver and the owner are closely related. An owner parent genuinely may not know that a son or daughter driver is using the vehicle for illegal purposes, but still may hesitate to commence suit or proceedings against the child.

Furthermore, the sanction of default judgment is a drastic measure and should be used only with caution. *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477; 270 NW2d 101 (1978). Generally, this sanction is to be imposed only where the conduct of the offending party has been inexcusable. *Equico Lessors, Inc v Original Buscemi's, Inc,* 140 Mich App 532, 535; 364 NW2d 373 (1985). Assuming, arguendo, that Levon Industries was a "disobedient party," the sanction imposed was too harsh. The trial court could have exercised alternative remedies available to it. Pursuant to the court rules, the trial court could have denied Douglas' testimony in support of Levon Industries' claim until such time as Douglas submitted to discovery, or the court could have stricken Douglas from the witness list altogether.

While we recognize that dismissal of a cause of action for an intentional failure to comply with a discovery order is within the discretionary power of the trial court, *Krim v Osborne,* 20 Mich App 237, 241; 173 NW2d 737 (1969), and that a trial court's exercise of this discretion will not be set aside unless the trial court abuses its discretion, *Phillips Industries, Inc v Smith,* 90 Mich App 237, 246; 282 NW2d 788 (1979), the trial court's order must fall within the parameters of the authority conferred under MCR 2.313(B). Because the court rule limits entry of a judgment of default to the

disobedient party, the trial court was without authority to enter default against Levon Industries.

Accordingly, the default judgment against Levon Industries must be set aside and the action remanded to the trial court for a full hearing at which Levon Industries can raise its good-faith statutory defense to the forfeiture. Our decision regarding this issue makes it unnecessary to address the second issue raised on appeal.

Reversed and remanded in accordance with this opinion. Costs to Levon Industries. Jurisdiction is not retained.