KORNAK v AUTO CLUB INSURANCE ASSOCIATION

Docket Nos. 151161, 151217, 155382. Submitted November 8, 1994, at Detroit. Decided April 21, 1995; approved for publication June 7, 1995, at 9:00 A.M.

Traci Kornak, after being injured by a hit-and-run driver, brought an action in the Wayne Circuit Court against Auto Club Insurance Association, Hal Folk, and Glance-Ogle-Folk GA, alleging breach of contract and other claims concerning the lack of uninsured motorist coverage under an automobile insurance policy issued to her by Auto Club through Folk and Glance-Ogle-Folk GA. The defendants filed an action alleging fraudulent misrepresentation by the plaintiff. The court, John H. Hausner, J., consolidated the actions. Mediation concluded in an award for the plaintiff, which the plaintiff accepted and the defendants rejected. Arbitration of the claim for uninsured motorist benefits concluded in an award for the plaintiff, which the court confirmed. The court scheduled a settlement conference and ordered trial counsel and all persons necessary to make a final decision regarding settlement to be present at the settlement conference. An attorney who was employed in Auto Club's legal department and who was its counsel of record in the case appeared on the date of the settlement conference and indicated that he had full authority to settle the case. The court rescheduled the settlement conference and directed that an additional Auto Club representative with authority to settle must appear at the rescheduled conference. The court entered a default against the defendants after Auto Club failed to produce the additional representative at the settlement conference. A jury returned a verdict in favor of, and awarded damages to, the plaintiff. The court entered a judgment on the verdict. The defendants appealed the entry of the default, and the plaintiff cross appealed the denial of mediation sanctions.

The Court of Appeals *held:*

Under MCR 2.401(F), a trial court may direct persons with

REFERENCES

Am Jur 2d, Pretrial Conference and Procedure §§ 38, 114.

See ALR Index under Compromise and Settlement; Pretrial Conferences.

authority to settle a case, including the parties to the action, agents of the parties, representatives of lienholders, or representatives of insurance carriers, to be present at a conference at which meaningful discussion of settlement is anticipated. MCR 2.401(G)(1) authorizes the entry of a default pursuant to MCR 2.603 where a party or a party's attorney fails to attend a settlement conference. The court rules, however, do not confer on trial courts the authority to designate who may serve as an insurance company's representative. In this case, because Auto Club's attorney served both as counsel of record and as a representative with unlimited authority to settle the case, the trial court exceeded its authority under MCR 2.401 in requiring the presence of an additional Auto Club representative and in entering a default against the defendants when no such representative appeared.

Arbitration award and judgment reversed; case remanded.

PRETRIAL PROCEDURE — SETTLEMENT CONFERENCES — PRESENCE OF PARTIES AND REPRESENTATIVES.

A trial court's authority to direct persons with authority to settle a case, including the parties to the action, agents of the parties, representatives of lienholders, or representatives of insurance companies, to be present at a settlement conference does not include the authority to require a party represented by an attorney employed in its legal department with full authority to settle to produce an additional representative at a settlement conference (MCR 2.401[F]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Timothy F. Casey, Vernon R. Johnson,* and *Jennifer N. Pahre*), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Alan M. Vosko*) (*Gross, Nemeth & Silverman, P.L.C.* by *James G. Gross, Mary T. Nemeth,* and *Steven G. Silverman,* of Counsel).

Before: WAHLS, P.J., and CAVANAGH and N. J. LAMBROS,* JJ.

PER CURIAM. In these consolidated appeals, de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fendants appeal as of right a default entered by the trial court upon the failure of Auto Club Insurance Association (hereinafter ACIA) to produce a representative at a settlement conference. A judgment was later entered on a jury verdict with respect to damages for plaintiff's claims against defendants. Plaintiff cross appeals the denial of mediation sanctions. We reverse the default and remand the matter to the trial court.

Plaintiff was struck by a hit-and-run driver and suffered injuries. Upon learning that her car insurance policy did not include uninsured motorist coverage, she filed an action against ACIA, the insurer under the policy, and the agency who sold her the policy for breach of an insurance contract, breach of implied contract, negligence, bad faith, estoppel, fraudulent or innocent misrepresentation, and reformation of the policy. Defendants, denying liability, answered the complaint and filed an action alleging fraudulent misrepresentation by the plaintiff. Defendant's action subsequently was consolidated with the plaintiff's action.

During the proceedings, a settlement conference was scheduled for October 30, 1991. The court's amended scheduling order provided:

> TRIAL COUNSEL MUST BE PRESENT AS WELL AS ALL PERSONS NECESSARY TO MAKE A FINAL DECISION AS TO SETTLEMENT. (Persons necessary to make a final decision as to settlement means the person or persons who have the legal right, power, and authority to agree to a settlement at the lowest and highest figure on the table, or any number in between, without having to confer with any other person or persons by telephone, correspondence, or in person.)

Plaintiff, her attorney, and counsel for defendants, Alan Vosko, attended the conference. Vosko, who

was employed by ACIA in its legal department and was the attorney of record for the case, indicated at the conference that it was unnecessary for a representative from ACIA to attend because he had full authority to settle the case. The court found that meaningful settlement discussions could not occur without an additional representative and rescheduled another conference for December 2, 1991. In a written order, the court directed that a representative from ACIA and defendant Hal Folk must appear along with their attorney at the conference. The court indicated that sanctions would be imposed if a representative did not attend the next scheduled conference.

On November 13, 1991, ACIA filed a motion for administrative superintending control before the chief judge of the Wayne Circuit Court, but the judge adjourned the motion until December 18, 1991. The judge presiding over the case subsequently denied defendants' request to adjourn the conference until the chief judge ruled on their motion.

On December 2, 1991, Vosko appeared with defendant Hal Folk and Mr. Rene Montforten, the director of claims services. Vosko again stated that he had full authority to settle the case. Montforten indicated that he was present for the purpose of confirming that Vosko had full authority to settle the case on behalf of ACIA and that he was not willing to participate in the settlement conference because he knew absolutely nothing about plaintiff's case. As a result of ACIA's failure to send a representative who could engage in settlement discussions, the court essentially found defendants in default by striking their answer and counterclaim, granting reformation of the insurance policy, and ordering arbitration of the uninsured motorist claim. Plaintiff's remaining claims were

tried before a jury, which found in her favor and awarded $35,000.

On appeal, defendants argue that the court improperly entered a default against them. A trial court's authority to enter a default or default judgment against a party must fall within the parameters of the authority conferred under the court rules. *In re Forfeiture of One 1987 GMC Station Wagon,* 186 Mich App 540, 545; 465 NW2d 334 (1990); *McGee v Macambo Lounge, Inc,* 158 Mich App 282, 285; 404 NW2d 242 (1987). We agree with defendants' position and reverse the default.

Pursuant to MCR 2.401(F), a trial court may direct persons with authority to settle the case, including "the parties to the action, agents of parties, representatives of lienholders, or representatives of insurance carriers" to attend a conference at which meaningful discussion of settlement is anticipated. Default for failure to attend a conference is governed by MCR 2.401(G), which provides in relevant part:

> (1) Failure of a party or the party's attorney to attend a scheduled conference, *as directed by the court,* constitutes a default to which MCR 2.603 is applicable or grounds for dismissal under MCR 2.504(B). [Emphasis added.]

Furthermore, Wayne Circuit LCR 2.401(a) provides in part:

> (A) Mandatory Settlement Conference. A mandatory settlement conference must precede the trial of a civil action. . . .
> The attorneys who will be trying the action, the litigants, and, if the defendant has an insurance carrier, a representative of defendant's insurance carrier with authority to settle, must be present at this conference.

A default is authorized if a "party or an officer, director, or managing agent of a party" fails to appear at a settlement conference upon being ordered to attend by the court. *McGee, supra* at 286.

The issue in this case turns on whether a trial court may direct an insurance company to produce a representative along with its attorney at a settlement conference regardless of the attorney's unlimited authority to settle and whether the court subsequently may find the company in default upon its failure to do so. In *Kiefer v Great Atlantic & Pacific Tea Company, Inc,* 80 Mich App 590; 264 NW2d 71 (1978), this Court upheld the entry of a default judgment against the defendant pursuant to the former court rule, GCR 1963, 301.9, and the former Wayne Circuit LCR 13.1, where the adjuster from its insurance carrier failed to attend a settlement conference as ordered by the trial court. Before the trial court's order, negotiations had reached an impasse due, in part, to the limitation placed upon the authority of the defendant's attorney to settle. This Court stated that the trial court would be deprived of the authority to compel attendance of those who could conduct meaningful negotiations, and the purpose of the local rule would be thwarted, if the court could not compel attendance of the insurance adjuster. *Kiefer* at 594.

However, in *McGee, supra* at 286-288, this Court held that the current court rule, MCR 2.401(F), did not authorize default based on the failure of a representative of a party's insurance carrier to attend a settlement conference. *Kiefer* was distinguished by the fact that the provisions of the former court rule were sufficiently general to permit default for the nonappearance of an insurance

representative who was properly ordered to appear at a settlement conference. *McGee, supra* at 287.

This case is different from both *Kiefer* and *McGee* in that ACIA is not the insurance carrier of a party, but is an actual party in the lawsuit. Regardless, the court rules do not confer upon the lower courts authority to designate who may serve as the representative of an insurance company. In this case, counsel for ACIA served in a dual capacity: as a representative employed in ACIA's legal department and as the attorney of record in charge of the case. Given the fact that there were no limitations upon his authority to settle the case and there is no persuasive evidence that the discussions at the settlement conference were meaningless, we find that the trial court exceeded its authority under MCR 2.401(F) in commanding the presence of another representative of ACIA. The purpose behind MCR 2.401 and the local court rule is satisfied when the insurance company sends a representative who has unlimited authority and unfettered discretion to settle the case and who is able to participate in meaningful settlement negotiations.

Moreover, the entry of a default against defendant Hal Folk and his insurance agency was improper. Folk appeared at the December 2, 1991, settlement conference as directed by the court. Therefore, the court did not have authority to enter a default against him and the agency regardless of the indemnification agreement between Folk and ACIA.

In light of our resolution of this issue, we decline to address the remaining issues raised by defendants and the issues raised by plaintiff in her cross appeal. Accordingly, we reverse the arbitration award and the judgment entered against defendants in this action.

Reversed and remanded. We do not retain jurisdiction.