HENRY v PRUSAK

Docket No. 201006. Submitted March 10, 1998, at Lansing. Decided April 3, 1998, at 9:05 A.M. Leave to appeal sought.

Sherry D. Henry and her husband, Michael Henry, brought an action in the Kent Circuit Court against Daniel Prusak and Joshua Burton, alleging that Sherry Henry suffered a serious impairment of body function in an automobile accident involving a vehicle driven by Burton, owned by Prusak, and insured by Allstate Insurance Company. The defendants responded, denying liability and raising various defenses, including the assertion that Sherry Henry had not suffered a serious impairment of body function. After mediation failed to resolve the matter, the court, Dennis C. Kolenda, J., ordered the parties, their attorneys, and persons with the authority to settle to attend a settlement conference. The parties, their counsel, and a representative from Allstate attended the settlement conference, but, despite the assistance of a facilitator, no settlement was reached. Judge Kolenda thereafter entered an order of default against the defendants on the basis of the failure of the representative of Allstate to make an offer to settle at the settlement conference, the order of default resolving the issues of liability, causation, and serious impairment in favor of the plaintiffs and scheduling the matter for trial of the question of damages. Following a denial of a motion for reconsideration of the order of default, the question of damages was tried before a jury, David Soet, J., which resulted in an award of damages for Sherry Henry for pain and suffering and no award of damages for Michael Henry with respect to his loss of consortium claim. The defendants appealed.

The Court of Appeals held:

1. A trial court's authority to enter a default or a default judgment against a party is that conferred by the court rules.

2. MCR 2.401(F) grants to a trial court the authority to direct persons with the authority to settle a case, including the parties, any agents of the parties, and the representatives of an insurance carrier, to attend a settlement conference at which a meaningful discussion of a settlement is anticipated. MCR 2.401(G) provides that the failure of a party or a party's attorney to attend a settlement conference constitutes a default or grounds for dismissal; however,

the court rule makes no provision for entry of a default by reason of the nonappearance of a representative of an insurance carrier at a settlement conference. Accordingly, because entry of a default is not authorized for the nonappearance of the representative of an insurance carrier, a court also lacks authority to enter a default by reason of the failure of a representative of an insurance carrier to make a settlement offer.

3. A trial court is without authority to force a settlement upon the parties to an action.

Order of default reversed, judgment vacated, and matter remanded.

1. JUDGMENTS — DEFAULT JUDGMENTS — SETTLEMENT CONFERENCES — INSURANCE CARRIERS — COURT RULES.

A trial court's authority to enter a default or a default judgment against a party is that conferred by the court rules; a trial court is without authority under the court rules to enter a default or a default judgment against a party by reason of the nonattendance of a representative of the party's insurance carrier at a settlement conference or by the failure of such an insurance representative to make a settlement offer at a settlement conference (MCR 2.401[G]).

2. COURTS — SETTLEMENTS.

A trial court is without authority to force a settlement upon the parties to an action.

*Richard J. Stolcenberg,* for the plaintiffs.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *Rosalind Rochkind* and *James L. Borin*), for the defendants.

Amicus Curiae:

*Dykema Gossett PLLC* (by *Lori Silsbury* and *James R. Bruinsma*).

Before: FITZGERALD, P.J., and HOOD and SAWYER, JJ.

PER CURIAM. Defendants appeal as of right the order of default entered against them by Kent Chief Circuit Judge Dennis C. Kolenda in this third-party automobile liability case. The order of default resolved the

issues of liability, causation, and serious impairment of a body function in favor of plaintiff Sherry Henry.[1] Following a trial on the issue of damages before Kent Circuit Judge David Soet, plaintiff was awarded damages of $5,452.53 for her pain and suffering. We reverse.[2]

This case arises from an automobile accident that occurred on April 11, 1992. Plaintiff was traveling north on Burlingame in the city of Wyoming and defendant Joshua Burton was traveling south on Burlingame. Plaintiff's vehicle was struck by Burton's vehicle as Burton attempted to make a left turn from Burlingame onto 36th Street. The vehicle driven by Burton was owned by defendant Daniel Prusak and insured by Allstate Insurance Company. On March 16, 1994, plaintiff brought this action claiming that she suffered a serious impairment of body function[3] as a result of Burton's negligent operation of the vehicle and, thus, was entitled to damages for pain and suffering. Plaintiff also claimed that pursuant to the civil liability act, MCL 257.401; MSA 9.2101, Prusak, as the owner of the vehicle, was liable for Burton's negligence. Plaintiff further alleged that Prusak negligently entrusted his vehicle to Burton, who had been a licensed driver for only seven months. Plaintiff Michael Henry claimed loss of consortium.

---

[1] The use of the term "plaintiff" refers to Sherry Henry. Michael Henry's claim arises solely as a result of a claim of loss of consortium.

[2] Although this appeal by the defendants was from the final order of judgment entered by Judge Soet following the jury trial of the question of damages, the sole question raised on appeal involves the propriety of the default judgment entered by Judge Kolenda.

[3] Plaintiff alleged that as a result of the collision she sustained serious injury to her left shoulder and arm, as well as severe myositis and chronic myospasm in and about her neck, back, and lower back, all of which have resulted in an acute cervical sprain and multiple contusions on her body.

The case was assigned to Kent Circuit Judge David Soet. Defendants answered the complaint and denied liability and asserted numerous affirmative defenses, including the limitations and tort immunity provisions of the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Defendants also maintained that plaintiff was not entitled to noneconomic damages because she had not suffered a serious impairment of body function or permanent serious disfigurement as required by the tort immunity provisions of the no-fault act. Defendants further claimed that plaintiff failed to mitigate her damages, that her injuries were the result of a pre-existing condition, and that her injuries were the result of her own negligence because she was not wearing a seat belt and was traveling too fast at the time of the accident.

The case proceeded normally through pretrial proceedings and discovery. The case was mediated in January 1995 and resulted in an award in favor of plaintiff in the amount of $12,000. Plaintiffs accepted, and defendants rejected, the award. In January 1996, the parties received a "Notice And Order For Settlement Week Conference" from Judge Kolenda, which provided in pertinent part:

A settlement conference has been scheduled for Tuesday, March 12, 1996 at 8:00 A.M. in JUDGE LEIBER'S JURY ROOM—ROOM 352J

THE COURT ORDERS:

1. Counsel and/or the parties shall be prepared to negotiate in good faith effort to reach a fair and reasonable settlement.

2. Clients and persons with authority to settle shall be present at the settlement conference.

3. The parties shall submit a joint settlement conference statement (see attached form), setting forth both the undis-

puted and disputed facts and issues of the case. The joint settlement conference statement shall be filed with the Court Administrator's office by FEBRUARY 26, 1996. In addition, the parties shall submit a copy of the mediation summary and evaluation under MCR 2.403 at the same time as the joint settlement conference statement, if mediation has been held.

4. Failure to prepare for, attend, or meaningfully participate in this settlement conference may result in the imposition of sanctions.

It is undisputed that all counsel, parties, and a representative from Allstate attended the settlement conference. The parties communicated with the assistance of a court-appointed attorney facilitator, but no settlement resulted. At the conclusion of the March 12, 1996, conference, the parties completed an "Order After Settlement Conference and Scheduling Notice," which indicated that settlement had not been reached and that trial was set for June 3, 1996.

On the same day as the settlement conference, an order of default was entered against defendants by Judge Kolenda because Allstate's representative failed to make an offer to settle at the settlement conference. That order provided that the issues of liability, causation, and serious impairment were resolved in favor of plaintiff and that the June 3, 1996, trial would proceed only with regard to the issue of damages. Defendants filed a "Motion for Reconsideration and/or Relief from Judgment." Defendants attached the affidavit of Rhonda Williams, the Allstate claims representative who attended the settlement conference. The affidavit stated in pertinent part:

6. That I am knowledgeable about the facts of this case and based upon those facts I have determined that a no cause verdict is a likely result based upon my past experi-

ence in handling previous cases that have been tried to a jury.

7. That I was ordered to attend a "settlement week conference" on Tuesday, March 12, 1996 at 8:00 A.M. at the Hall of Justice in Grand Rapids, Michigan.

8. That I personally appeared in a timely manner at the settlement conference as ordered.

9. That I was prepared to discuss and explain my position at the settlement conference.

10. That I was prepared to listen to the arguments or positions of the opposing side, the facilitator, or the judge, and to re-evaluate my evaluation of the case if the arguments or positions or others persuaded me to do so.

11. That nothing new was said by anyone at the settlement conference which provided me with any new information about this case that persuaded me that my evaluation was incorrect, and as a result, no money was offered to settle the matter.

Defendants' motion for reconsideration was denied by Judge Soet without a hearing.

On April 15, 1996, defendants filed a "Motion to Set Aside Default." The motion and supporting affidavit of defense counsel, Kerr Moyer, indicated that defendants were not aware of the default until the day after it had been entered by the court and that defendants had a meritorious defense. After a hearing, Judge Kolenda denied the motion on the grounds that Allstate had failed to make a settlement offer and that defendants had failed to establish good cause to set aside the default.

A trial was held with respect to the issue of damages on June 4 through 6, 1996. The jury was instructed to determine plaintiff's noneconomic damages arising from the accident. Plaintiff asked for $50,000 for past damages and $3,000 to $4,000 a year for future damages. The jury awarded plaintiff $5,000

for pain and suffering, which was reduced by thirty-two percent by her comparative negligence to $3,400. No damages were awarded on plaintiff Michael Henry's loss of consortium claim. On August 19, 1996, the trial court entered an order awarding plaintiff $3,400 plus interest and costs of $2,052.53, for a total judgment of $5,442.53.

Defendants subsequently filed a motion for a new trial, claiming in part that Judge Kolenda exceeded his authority by entering a default against them. On January 16, 1997, Judge Kolenda denied defendants' motion and simultaneously issued his opinion concerning the default.

On appeal, defendants argue that Judge Kolenda improperly entered a default against them. A trial court's authority to enter a default or a default judgment against a party must fall within the parameters of the authority conferred under the court rules. *Kornak v Auto Club Ins Ass'n*, 211 Mich App 416, 420; 536 NW2d 553 (1995).

Pursuant to MCR 2.401(F), a trial court may direct persons with authority to settle a case, including "the parties to the action, agents of parties, representatives of lienholders, or representatives of insurance carriers" to attend a conference at which meaningful discussion of settlement is anticipated. Default for failure to attend a conference is governed by MCR 2.401(G), which provides in relevant part:

> (1) Failure of a party or the party's attorney to attend a scheduled conference, as directed by the court, constitutes

a default to which MCR 2.603 is applicable or grounds for dismissal under MCR 2.504(B).[4]

In *Kiefer v Great Atlantic & Pacific Tea Co, Inc*, 80 Mich App 590; 264 NW2d 71 (1978), this Court upheld entry of a default judgment against the defendant pursuant to the former court rule, GCR 1963, 301.9, where the adjuster from the defendant's insurance carrier failed to attend a settlement conference as ordered by the trial court. Apparently, before the order was entered, negotiations had reached an impasse due, in part, to the limitation placed upon the authority of the defendant's attorney to settle. This Court stated that the trial court would be deprived of the authority to compel attendance of those who could conduct meaningful negotiations if the court could not compel attendance of the insurance adjuster. *Id.* at 594.

In *McGee v Macombo Lounge, Inc*, 158 Mich App 282, 286-288; 404 NW2d 242 (1987), however, this Court held that the current court rule, MCR 2.401(F), did not authorize default based on the failure of a representative of a party's insurance carrier to attend a settlement conference. The Court distinguished *Kiefer* by the fact that the provisions of the former court rule were sufficiently general to permit default for the nonappearance of an insurance representative who was properly ordered to appear at a settlement conference. *Id.* at 287. In discussing its conclusion that the default provisions of MCR 2.401(F) are specifically limited to the failure of a party or a party's

---

[4] If the representative of a nonparty insurance carrier fails to attend, the remedy and sanctions are less clear, but arguably consist of penalties against the offending carrier or representative for contempt of court.

attorney to attend a conference as ordered by the court, the Court explained:

> It is possible that the drafters of the new Michigan Court Rules were concerned about the harshness of a default sanction imposed against a party for the failure or refusal to attend of an insurance carrier, whose actions are not within the direct control of a named party . . . . [*Id.* at 288.]

We agree with the analysis and holding in *McGee* and hereby adopt it. Logic compels us to conclude that because the court rules do not authorize a default against a party based on the failure of a representative of a party's insurance carrier to attend a settlement conference, the court rules likewise do not authorize default against a party based on the failure of a representative of a party's insurance carrier to make a settlement offer. Indeed, the default provisions of MCR 2.401(F) are specifically limited to the failure of a party or a party's attorney to *attend* a court-ordered settlement conference and make no provision for a default based upon the party's or the party's attorney's *failure to make a settlement offer.* The entry of a default against defendants was improper because defendants, their attorney, and the Allstate representative appeared at the settlement conference as directed by Judge Kolenda.

The court rules do not authorize entry of a default against a defendant solely on the basis of a nonparty insurance carrier's refusal to make a settlement offer. The reason for this is apparent. A court cannot "force" settlements upon parties. *Woods v Murdock,* 177 Mich App 210, 213; 441 NW2d 63 (1989). The practical effect of Judge Kolenda's sanction of default against a party whose insurance carrier's representa-

tive refuses to make an offer to pay money is to force settlement. While we certainly encourage settlement negotiations as an essential and necessary tool for the resolution of disputes and docket control in congested courts, we cannot tolerate the routine practice of entering a default against a party for failure of the party's insurance carrier to make an offer of settlement. Such a practice deprives a party of due process, the right to assert a defense, and the right to have a jury determine any disputed issues of fact.

The order of default is reversed, the judgment for plaintiff is vacated, and this case is remanded for a new trial on all issues including liability and damages.