# STATE OF MICHIGAN

# COURT OF APPEALS

PETER STUTCHER and MARISA STUTCHER,

        Plaintiffs/Counter Defendants-
        Appellees,

v

GREG LOVIO,

        Defendant/Counter Plaintiff-
        Appellant.

and

RACHAEL VANITTERSUM,

        Defendant/Counter Plaintiff.

UNPUBLISHED
November 12, 2015

No. 322739
Oakland Circuit Court
LC No. 2012-131052-NO

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Defendant Greg Lovio appeals by right orders dismissing defendants' counterclaim, granting plaintiffs a default, and granting plaintiffs a default judgment for $9,603.78 in damages and $38,550.38 in attorney fees in this landlord-tenant action. We vacate these orders and remand for proceedings consistent with this opinion.

This case arose from defendants' alleged breach of a residential lease agreement entered into with plaintiffs in January 2012. Plaintiffs alleged that defendants began to breach the lease almost immediately, and by August 2012, plaintiffs served defendants with notice that they were terminating the lease. Plaintiffs claim that after they recovered the property through a district court action, they discovered that defendants had damaged the property. Plaintiffs then filed an 8-page "first amended complaint" alleging breach of contract, common-law and statutory conversion, and interference with a business relationship. Defendants responded, arguing that when they received the rental premises, it was in a state of disrepair and plaintiffs failed to make the requested and necessary repairs. Defendants filed a counterclaim alleging statutory conversion and nuisance/trespass. Defendants later added counts of constructive eviction and intentional infliction of emotional distress.

-1-

On September 26, 2013, defendants' attorney filed a motion to withdraw, explaining that defendants were engaged in a custody dispute and that their adversarial posture prevented him from representing both of them in this proceeding. He also asserted that the custody dispute was consuming most of defendants' time and financial resources. The trial court granted the motion, and ordered defendants to obtain new counsel by 9:00 a.m. on November 14, 2013, at which time they were to appear, with or without counsel, for a pretrial scheduling conference. The court ordered defendants' now former counsel to serve copies of the order on them. When defendants did not appear for the scheduling conference, the circuit court granted plaintiffs' motion to dismiss defendants' counterclaim with prejudice, entered a default against defendants, and ordered plaintiffs to move for entry of a default judgment.

Before entry of the default judgment, defendant Lovio filed a motion to set aside the default *in propria persona*, indicating that he had no knowledge that a default had been filed, he had a meritorious defense, and plaintiffs had kept the $1,800 security deposit. At the February 12, 2014 hearing on plaintiffs' motion for entry of the default judgment, defendant Lovio advised the court that defendant Vanittersum had been the one in contact with their attorney but they split up and she no longer spoke to defendant Lovio. He also advised the court that they had rented plaintiffs' place but withheld the rent for two months because of necessary repairs not being made and then they were evicted. Defendant Lovio indicated that he had no money to hire another attorney, but had evidence to disprove plaintiffs' damage claims and requested a hearing. When the court asked plaintiffs' counsel about the damage claims, counsel referred to the affidavit of plaintiff Peter Stutcher which indicated that plaintiffs suffered damages in the amount of $9,603.78, but incurred attorney fees in the amount of $35,451.28. Plaintiffs' counsel explained these "attorney fees" by stating that his clients had to pay "to defend all of the counterclaims that were brought by defendants," but plaintiff's counsel failed to mention plaintiff's 8-page "first amended complaint." Defendant Lovio again requested a hearing on damages and the trial court refused, stating: "It's too late." The court then granted plaintiffs' motion for default judgment.

On February 27, 2014, a notice of appearance of counsel was filed on behalf of defendants and, on April 7, 2014, a motion to set aside the default judgment was filed on behalf of defendant Lovio. Defendant Lovio again argued that he never received the notice to appear at the pretrial scheduling conference and, as set forth in MCR 2.401(G)(2), manifest injustice would result if the default judgment entered against him was not set aside considering his substantial defenses to plaintiffs' claims. On April 16, 2014, a hearing was held on defendant Lovio's motion and it was denied on the ground that it was too late. On June 26, 2014, the trial court entered a default judgment in favor of plaintiffs in the amount of $48,154.16, plus interest. This appeal followed.

Defendant Lovio argues that the circuit court abused its discretion by entering a default against him for failing to appear at a single scheduling conference without evaluating the circumstances as required under MCR 2.401(G). We agree.

We review a trial court's decision to enter a default for an abuse of discretion. *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 642; 617 NW2d 373 (2000). A trial court abuses its discretion when the decision rendered is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

"A trial court's authority to enter a default or a default judgment against a party must fall within the parameters of the authority conferred under the court rules." *Henry v Prusak*, 229 Mich App 162, 168; 582 NW2d 193 (1998). MCR 2.401(G) governs default for failure to attend a scheduled conference, and states that failure of a party to attend a scheduled conference as directed by the court "may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B)." MCR 2.401(G)(1). However, MCR 2.401(G)(2) further states:

> The court shall excuse a failure to attend a conference or to participate as directed by the court, and shall enter a just order other than one of default or dismissal, if the court finds that
>
> (a) entry of an order of default or dismissal would cause manifest injustice; or
>
> (b) the failure was not due to the culpable negligence of the party or the party's attorney.

A default or dismissal "is a drastic sanction that should be taken cautiously." *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998). Accordingly, before dismissing a claim or entering a default, "the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). The court that fails to evaluate other available options on the record abuses its discretion. *Id*. at 506-507. Some of the factors that may be considered before imposing the sanctions of default or dismissal include: "(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice." *Id*. at 507.

In this case, there is no record that the court considered MCR 2.401(G)(2) before granting plaintiffs' "motion to dismiss all counterclaims and for entry of default judgment for failure to appear" at one scheduling conference. That is, there is no record to indicate that the trial court evaluated all available options before concluding that the harsh sanctions of default and dismissal were just and proper for missing a single scheduling conference after defendants' attorney was permitted to withdraw. See *Vicencio*, 211 Mich App at 506. Because we cannot discern the trial court's rationale, we conclude that the trial court abused its discretion. See *id*. at 506-507; see also *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 631; 420 NW2d 835 (1988) ("An appellate court cannot review a decision for abuse of discretion unless it knows how and why the discretionary decision was made.").

Accordingly, we vacate the court's orders dismissing defendants' counterclaim, granting plaintiffs a default, and granting plaintiffs a default judgment for $9,603.78 in damages and $38,550.38 in attorney fees. We remand the matter to the trial court for further proceedings to consider whether sanctions for the failure to attend a single scheduling conference are appropriate under MCR 2.401(G), and if so, whether dismissal and default are just and proper sanctions. In light of our ruling, we need not address defendant Lovio's other issues on appeal.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray