# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN ELEVATOR, LLC,

        Plaintiff-Appellee,

v

MATRIX DETROIT, LLC,

        Defendant-Appellant,

and

CIC INDUSTRIES, INC., FEDERAL
NATIONAL MORTGAGE ASSOCIATION,
H&R MAINTENANCE COMPANY, INC.,
ROMERO SALES, LLC, doing business as
ADVANCED CONSTRUCTION,[1]

        Defendants.

UNPUBLISHED
April 27, 2017

No. 330926
Wayne Circuit Court
LC No. 14-000415-CK

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Matrix Detroit, LLC, appeals as of right the default and resulting default judgment entered by the trial court in favor of plaintiff, Michigan Elevator, LLC. For the reasons stated herein, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

---

[1] The case began as a construction lien foreclosure, pursuant to MCL 570.1101, *et seq*., which required plaintiff to name all entities claiming an interest in the underlying property as parties. MCL 570.1117(4). However, after plaintiff filed its complaint, Matrix Detroit, LLC—as owner of the subject property—"bonded over" the lien, which had the effect of changing the instant action from a foreclosure to a suit against the bond. Accordingly, the case proceeded with Matrix Detroit, LLC as the sole defendant.

-1-

This case arises from three separate contracts between the parties pursuant to which plaintiff agreed to provide service, maintenance, and improvements to elevators in an apartment building owned by defendant in exchange for approximately $110,000. After several months of performance under the contracts, defendant stopped paying the invoices for completed work submitted to it by plaintiff. Accordingly, plaintiff stopped work.

Several months later, plaintiff filed its complaint asserting a claim for breach of contract against defendant. In its complaint, plaintiff alleged that it had "performed all of its obligations under the agreement," had demanded payment from defendant, but that defendant refused to pay and owed plaintiff $26,067.28, plus interest. Plaintiff alleged that defendant's "failure to pay all sums due under the contract is a material breach of the contract," and asked the court to enter a judgment in its favor against defendant for $26,067.28 plus interest, costs, and attorney fees. Defendant filed an answer admitting that a contractual relationship had existed between the parties, but denying plaintiff had performed all of its obligations under the contract or that defendant owed plaintiff the amount alleged.

The case proceeded, and the trial court entered a scheduling order that set the time for a settlement conference and directed "[t]he specific trial attorneys, parties, . . . or other persons with authority to make a final decision as to settlement . . . to appear at the Settlement Conference, unless excused by the assigned judge." The order also cautioned that, "failure to comply with [the order] may result in sanctions." After defendant failed to personally appear for the settlement conference,[2] the court sanctioned defendant $500 and ordered the parties to participate in facilitation before the adjourned settlement conference. However, plaintiff indicated that during facilitation, the retired judge conducting the proceedings found that the representative defendant sent to facilitation did not have sufficient settlement authority and was therefore "unacceptable."

When appearing before the court for the adjourned settlement conference, defense counsel asserted that the representative sent by defendant to the facilitation and instant hearing was a regional manager who had the authority to reject the figure discussed during facilitation, but did not have the authority to "accept that number." Defendant's representative admitted that he did not have the authority "to settle for the amount of the case evaluation if [he] th[ought] that's the right thing to do," and indicated that it had not been his "idea" to reduce by half the amount offered to settle the case before facilitation. Defense counsel argued that settlement authority did not mean "you had to have the authority to meet somebody else's demand" or "to pay what the client is willing to pay," but the court stated defendant's owner was the party whose appearance was necessary, as defense counsel admitted that the owner was the only person with the authority to make the decision to settle the case. Plaintiff then moved for default under MCR

_____

[2] The register of actions indicates that the initial settlement conference may have been held on the record on January 12, 2015. However, on appeal, defendant did not request a transcript of this hearing or provide it to this Court. Even after plaintiff raised the issue of the missing transcript in its Brief on Appeal, defendant failed to address or remedy the omission of the January 12, 2015 transcript.

2.401(G), and the court stated it would "enter the default judgment" for the amount prayed for in the complaint.

Following the hearing, the court entered a default judgment in plaintiff's favor stating, "Defendant's actions at the initial settlement conference, court ordered facilitation and the final pre-trial settlement conference were collectively in violation of MCR 2.401(F) and (G)." Accordingly, judgment in favor of plaintiff was entered against defendant for the amount prayed for in the complaint—$26,458.82, plus interest totaling $510.69, and attorney fees.

Defendant filed a motion for reconsideration, asking the court to reconsider the entry of default judgment against it. Defendant asserted that MCR 2.401(G) only authorized the court to enter a default "to which MCR 2.603 is applicable" and that MCR 2.603(B)(1)(a) required plaintiff to give notice of the request for default before the default judgment could be entered, but that plaintiff never provided the required notice. Further, defendant asserted that (1) it did not have a duty to settle the case, so the court did not have the authority to sanction defendant for sending a representative to the settlement conference with "insufficient authority," (2) the trial court failed to consider other available options on the record, and (3) even if the default established liability, a hearing was necessary to establish the amount of damages.

The court entered an order granting defendant's motion for reconsideration and setting aside the default judgment, but permitted plaintiff to "proceed pursuant to MCR 2.603(B)(3)." Plaintiff then filed a motion for entry of default judgment based on defendant's failure "to abide by MCR 2.401(F) and 2.401(G)." In the motion, plaintiff also argued that a hearing to establish damages was unnecessary, as it had provided "verification of damages" to the court in the form of a statement of account for defendant and an affidavit from its chief financial officer that confirmed the statement of account was accurate.

At a hearing on the matter, although defendant did not dispute the amounts reflected in the invoices, it asserted that due to inadequate or incomplete performance on plaintiff's part, it did not "owe all that money." The court noted that "[b]ecause it was a default, liability is no longer an issue," and told defendant if it wanted to argue that it was not liable for the invoices due to plaintiff's nonperformance it "should have come [to the settlement conference] so that [it] could have had a trial on liability." Thus, the court set a date for a hearing on damages, but cautioned that it would "not allow questions with regard to whether work was done . . . and if there was any deficiency in the work that was performed," as it believed those issues had "already been fixed by the default in regard to liability."

At the evidentiary hearing, plaintiff's chief financial officer testified and stated that $26,458.82 remained outstanding on defendant's account. Plaintiff also admitted into evidence invoices that indicated the amount charged for each service, the time spent on the labor, and the reason for the service or maintenance. Defendant cross-examined the officer regarding unsuccessful repairs to the elevator and uncompleted maintenance, and argued that an invoice for $1,900 in elevator repairs should have been covered by warranty. Plaintiff argued the nonperformance or inadequate performance questions were improper because those were "issues that have already been fixed by the default with regard to liability," and the court stated that "[t]he only thing of what [defendant] mentioned that the court believe [sic] would be relevant to an inquiry on damages would be with regard to the invoice . . . as to whether or not its covered

-3-

by warranty." The court then permitted defendant to present its witness, but cautioned defendant that so far, it had only made arguments it "should have made before the default was entered."

Defendant then presented the testimony of Parry Berkowitz, an elevator engineer employed by defendant who oversaw the work performed by plaintiff under the contracts. Berkowitz alleged that plaintiff improperly performed or failed to perform in several instances. Berkowitz testified that the amount of the invoices was not in dispute, but that defendant did not want to pay the amount owed because the work performed by plaintiff was either not done or not done correctly. However, Berkowitz conceded that a representative of defendant had accepted and signed all of the invoices. The court reiterated that liability had been established by the default, so concluded any "defense with regard to work was not [sic] performed are not available for the damages part or the damages hearing." Accordingly, the court found "damages in the amount prayed for by plaintiff." Following the hearing, the court entered a default judgment against defendant for $26,458.82 plus interest and attorney fees. This appeal then resulted.

## II. ANALYSIS

First, defendant argues that the trial court abused its discretion when it sanctioned defendant with default, as the trial court had no authority to enter a default against it for sending a representative with "insufficient authority" to settle the case, and because the trial court refused to consider less drastic alternatives than default.

"A trial court's authority to enter a default or a default judgment against a party must fall within the parameters of the authority conferred under the court rules." *Henry v Prusak*, 229 Mich App 162, 168; 582 NW2d 193 (1998). This Court reviews for an abuse of discretion a trial court's decision to order default as a sanction for a party's failure to attend a scheduled hearing. See *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

"A court cannot 'force' settlements upon parties." *Henry*, 229 Mich App at 170. However, "[i]f the court anticipates meaningful discussion of settlement," MCR 2.401(F) provides courts with the authority to "direct that the parties . . . [or] agents of parties, . . . be present at the conference . . . and have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement." MCR 2.401(F)(1) and (2). If a party violates a court order to attend a settlement conference, MCR 2.401(G) provides for a default:

> (1) Failure of a party or the party's attorney or other representative to attend a scheduled conference . . . as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

> (2) The court shall excuse a failure to attend a conference . . . and shall enter a just order other than one of default or dismissal, if the court finds that

> (a) entry of an order of default or dismissal would cause manifest injustice; or

-4-

(b) the failure [to attend] was not due to the culpable negligence of the party or the party's attorney.

These court rules "do not confer upon the lower courts authority to designate who may serve as the representative of" a party at settlement, and "[t]he purpose behind MCR 2.401 . . . is satisfied when [a party] sends a representative who has unlimited authority and unfettered discretion to settle the case and who is able to participate in meaningful settlement negotiations." *Kornak v Auto Club Ins Ass'n*, 211 Mich App 416, 422; 536 NW2d 553 (1995). However, where a party sends a representative with "limitations upon his authority to settle the case" and there is evidence that the "discussions at the settlement conference were meaningless," a trial court may act within its authority under MCR 2.401(F) in demanding the presence of another representative. *Id*.

However, the entry of default is "a drastic measure and should be used with caution." *Draggoo v Draggoo*, 223 Mich App 415, 423; 566 NW2d 642 (1997) (quotation marks and citations omitted). Accordingly, before entering a default, "[t]he court must also evaluate on the record other available options[.]" *Id*. at 423-424 (quotation marks and citations omitted). Generally, a court abuses its discretion when it fails to evaluate other available options on the record. *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995).

Here, the trial court properly exercised its authority pursuant to MCR 2.401(F), by directing parties "with authority to make a final decision as to settlement" to appear at the settlement conference, and warning the parties that failure to comply with the order could result in sanctions. Despite that order, defendant's representative admitted to being without the discretion or authority to negotiate or settle the case. The court noted that defendant's representative could not effectively negotiate because he was simply instructed by defendant's owner to offer or accept only a specific sum, was not even able to articulate the reason for the offer amount proposed by defendant, and only gained knowledge of the suit 30 days before he was ordered by his supervisor to appear at the facilitation. Contrary to defendant's assertion, the trial court had the authority to enter a default against it for sending a representative with "insufficient authority," and the record demonstrates that the court did not enter default against defendant for its failure to settle the case or its failure to make a larger offer at the settlement conference. Rather, the court properly exercised its discretionary authority, pursuant to MCR 2.401(F) and (G), in sanctioning defendant for its repeated failure to send a representative with adequate authority to negotiate towards settling the case.

Nor did the court abuse its discretion by entering default against defendant before considering all its options on the record. To the contrary, before entering default, the trial court noted defendant's history of violating the court's order by repeatedly failing to send a representative with adequate authority to negotiate or settle the case—indicating some level of willful, rather than accidental or negligent, violation. The court also utilized the harshest sanction for defendant's third violation only after first ordering a $500 sanction that had not motivated defendant to abide by the court order. Last, the trial court discussed the possibility of ordering defendant's owner to fly in from New York to appear, but noted that defendant had not even filed affirmative defenses to the complaint, so implicitly determined that a lesser sanction would not better serve the interests of justice. Thus, the court made a sufficient record to justify

its decision to impose the sanction and the default was within the range of reasonable and principled outcomes.

Second, defendant argues the trial court improperly limited its ability "to fully contest the damages" when it prohibited defendant from arguing that plaintiff's inadequate performance or nonperformance excused its liability for the full amount of invoices.

This Court reviews a trial court's award of damages following an evidentiary hearing for clear error. *Woodman v Miesel Sysco Food Serv Co*, 254 Mich App 159, 190; 657 NW2d 122 (2002). Clear error exists when, after reviewing the record, this Court is left with the "definite and firm conviction that a mistake has been made." *46th Circuit Trial Court v Crawford Co*, 476 Mich 131, 140; 719 NW2d 553 (2006) (opinion by MARKMAN, J.) (quotation marks and citation omitted).

"In Michigan, it is an established principle that 'a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue.' " *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 78-79; 618 NW2d 66 (2000), quoting *Wood v DAIIE*, 413 Mich 573, 578; 321 NW2d 653 (1982). Thus, "where a trial court has entered a default judgment against a defendant, the defendant's liability is admitted and the defendant is estopped from litigating issues of liability." *Kalamazoo Oil Co*, 242 Mich App at 79. However, a default judgment does not amount to an admission in regards to damages. *Id*. Accordingly, the party asserting the claim must prove damages with reasonable certainty, *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 634; 769 NW2d 911 (2009), and " 'a defendant has a right to participate where further proceedings are necessary to determine the amount of damages,' " *Kalamazoo Oil Co*, 242 Mich App at 79, quoting *Midwest Mental Health Clinic, PC v Blue Cross & Blue Shield of Mich*, 119 Mich App 671, 675; 326 NW2d 599 (1982). The decision whether to hold further proceedings on damages following default "is within the discretion of the trial court." *Wood*, 413 Mich at 585; see also *Kalamazoo Oil Co*, 242 Mich App at 79; MCR 2.313(B)(2)(c).

"A refusal to perform in compliance with a valid contract amounts to a breach of a contract and may entitle the other party to damages or other forms of relief." *AFT Mich v State of Michigan*, 497 Mich 197, 209; 866 NW2d 782 (2015). However, " '[t]he rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform.' " *Able Demolition v Pontiac*, 275 Mich App 577, 585; 739 NW2d 696 (2007), quoting *Michaels v Amway Corp*, 206 Mich App 644, 650; 522 NW2d 703 (1994) (quotation marks and citation omitted). A substantial breach of a contract also provides the nonbreaching party with grounds to rescind the contract. *Rosenthal v Triangle Dev Co*, 261 Mich 462, 463-464; 246 NW 182 (1933); *Adell Broadcasting v Apex Media Sales*, 269 Mich App 6, 13-14; 708 NW2d 778 (2005). Thus, that the other party was the first to breach a contract can function as a defense to a breach of contract claim, but such arguments relate to liability rather than the computation of damages.

Contrary to defendant's assertion, the trial court did not limit defendant's ability to argue that plaintiff's inadequate or nonperformance excused its liability under the invoices. Rather, the court permitted defendant to cross-examine plaintiff's witness regarding these matters and present its own witness. However, because defendant's arguments relating to plaintiff's alleged

inadequate or incomplete performance went to defendant's liability for the outstanding invoices rather than the computation of damages, the trial court did not clearly err when it refused to consider defendant's arguments on that basis. See, e.g., *Kalamazoo Oil Co*, 242 Mich App at 80 (finding the trial court did not err in precluding the defendant from presenting evidence of the plaintiff's alleged comparative negligence, as "allowing comparative negligence to be raised would, in effect, result in relitigation of liability, . . . which the default has already decided, and thus rendering the default meaningless.").

Last, defendant argues that the totality of the proceedings deprived it of due process. This Court reviews "de novo constitutional questions such as whether a party was denied due process . . . ." *Lima Twp v Bateson*, 302 Mich App 483, 503; 838 NW2d 898 (2013).

Defendant failed to cite any caselaw which supports its position. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003) (citations omitted). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Id*. In any event, defendant's assertion lacks merit as defendant was provided with notice of the court's intention to enter a default against it, the opportunity to contest the entry of default, and the opportunity to argue and present a witness regarding the computation of damages. Thus, defendant was provided with sufficient notice and an opportunity to be heard in a meaningful manner and was not deprived of due process. See *Cummings v Wayne Co*, 210 Mich App 249, 253-254; 533 NW2d 13 (1995).

Affirmed. Having prevailed in full, plaintiff may tax costs pursuant to MCR 7.219.


/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly