*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN DOLAN,

                Plaintiff-Appellee,

v

DOMINICK CUPPARI and NANCY CUPPARI,

                Defendants-Appellants,

and

DEBORAH SKERGAN and JIM MILLER,

                Defendants.

UNPUBLISHED
September 12, 2019

No. 345310
Genesee Circuit Court
LC No. 16-106622-CH

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In this quiet-title action, defendants, Dominick and Nancy Cuppari, husband and wife,[1] appeal as of right the trial court's order joining Nancy as a necessary party, adding her to a settlement agreement without her consent, and awarding plaintiff attorney fees. We reverse and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Dominick and Nancy owned, as tenants by the entirety, real property that abutted plaintiff's property. The parties disputed the boundary lines of their respective properties, and plaintiff filed the present action in 2016 seeking quiet title and damages. Throughout the majority of the proceedings, Dominick was listed as a defendant and Nancy was not. Nancy

---

[1] Deborah Skergan and Jim Miller are not parties to this appeal. References to "defendants" throughout are references to Dominick and Nancy Cuppari.

was, however, present throughout the proceedings and had knowledge of what was transpiring. After approximately three years of proceedings, the parties reached a settlement agreement (the Agreement) under which the boundary lines of their properties would be redrawn according to a compromise. The Agreement, which was approved by the trial court, called for new deeds to be drafted reflecting the new boundaries. Nancy was not a party to the Agreement.

Within two weeks of the trial court approving the Agreement and closing the case, Dominick and Nancy, under new representation, filed a motion to set aside the Agreement on the grounds that: (1) Nancy had not been joined as a necessary party to the case, (2) Nancy was not a party to the Agreement, and (3) because the Agreement affected a tenancy by the entirety, the Agreement was null and void without Nancy's consent. In response, defendants requested that Nancy be added as a necessary party and given a meaningful opportunity to litigate her property interests. The trial court concluded that Nancy had already participated in the case through her physical presence and knowledge of the proceedings, and issued an order reopening the case, joining Nancy as a necessary party, and, over Nancy's objections, amending the Agreement to include her as a signatory. The trial court then closed the case and ordered defendants to pay plaintiff's attorney fees and costs associated with the motion. Defendants now appeal and challenge the addition of Nancy to the Agreement without her consent as well as the award of attorney fees.[2]

## II. ANALYSIS

Defendants argue that the trial court violated Nancy's due-process rights when it added her to the Agreement without her consent. They further contend that the Agreement was invalid from the outset. We agree.

## A. STANDARDS OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision to uphold and enforce a settlement agreement, see *Groulx v Carlson*, 176 Mich App 484, 493; 440 NW2d 644 (1989), as well as a trial court's decision on joinder, *Mason Co v Dep't of Community Health*, 293 Mich App 462, 489; 820 NW2d 192 (2011). A trial court abuses its discretion when its decision is "outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A settlement agreement is subject to the laws of contract formation and interpretation, *Mich Mut Ins Co v Ind Ins Co*, 247 Mich App 480, 484; 637 NW2d 232 (2001), and questions involving contracts are reviewed de novo, *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

The interpretation and application of court rules is reviewed de novo. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). Generally, constitutional

---

[2] Defendants do not dispute Nancy's joinder as a necessary party, the specifics of the Agreement, or the agreed-upon boundary lines. Their appeal relates entirely to the addition of Nancy to the Agreement over her objections.

questions are also reviewed de novo. *Bonner v Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014). However, defendants failed to raise in the trial court their due-process concerns or arguments relating to the award of attorney fees, and unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). To affect substantial rights, the error must be prejudicial, meaning it affected the proceeding's outcome. *Id.* at 763.

## B. DISCUSSION

MCR 2.612 governs relief from a judgment or order and states, in pertinent part:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> * * *
>
> (f) Any other reason justifying relief from the operation of the judgment. [MCR 2.612(C)(1).]

A property settlement agreement constitutes a final order from which a party may seek relief under MCR 2.612(C). *Zeer v Zeer*, 179 Mich App 622, 624-625; 446 NW2d 328 (1989). Settlements are favored between parties. *Putney v Haskins*, 414 Mich 181, 189; 324 NW2d 729 (1982).

A person cannot be deprived of life, liberty, or property without due process of law. US Const, Am XIV, § 1; Const 1963, art 1, § 17. "Procedural due process serves as a limitation on governmental action and requires a government to institute safeguards in proceedings that might result in a deprivation of life, liberty, or property." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 213; 761 NW2d 293 (2008). Generally, due process requires that a person (1) receive notice of the nature of the proceedings (2) and a meaningful opportunity to be heard (3) before an impartial fact-finder (4) with a written statement of findings. *Id.* at 213-214. The opportunity to be heard must be "at a meaningful time and in a meaningful manner." *Id.* Although a meaningful opportunity does not require "a full trial-like proceeding . . . it does require a hearing to allow a party the chance to know and respond to the evidence." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995).

First, we agree with defendants that the Agreement was invalid from the outset. Dominick was unable to unilaterally contract away his property interests in the disputed parcel because he held the parcel with Nancy as a tenancy by the entirety. A tenancy by the entirety is unique to married persons. *Canjar v Cole*, 283 Mich App 723, 730; 770 NW2d 449 (2009). "[W]hen a husband and wife choose to hold property by the entirety, *neither spouse may individually convey, encumber, devise, or alienate that property without the consent of the other spouse*. Rather, the property is protected from one spouse acting alone to accomplish these types of transactions." *Id.* at 730-731 (emphasis added). Accordingly, because Dominick was unable

-3-

to contract away any interests in the property without Nancy's consent, the Agreement was never valid, and the trial court abused its discretion in enforcing it.[3]

Moreover, even assuming for the sake of argument that the Agreement was somehow a valid disposition of Dominick's property rights, the trial court plainly erred in forcing the Agreement upon Nancy. It is undisputed that Nancy held property rights in the subject parcel because she and Dominick held it as tenants by the entirety. However, although she was physically present for much of the proceedings, Nancy was never made a party to the case until after the Agreement was reached. Instead, the trial court summarily added Nancy to the Agreement and bound her to its terms without affording Nancy a meaningful opportunity to present evidence on her behalf, to protect her property interests, or to otherwise litigate her position. The trial court's actions deprived Nancy of her property interests without a meaningful opportunity to be heard. See *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 213-214; 761 NW2d 293 (2008); *Cummings*, 210 Mich App at 253. We conclude that this deprivation of due process constituted plain error.[4]

We also note that, not only was this a deprivation of due process, but it stands in contradiction to established principles of contract law. A trial court may not create a contract for parties when none exists, *Kamalnath v Mercy Mem Hosp Corp*, 194 Mich App 543, 549; 487 NW2d 499 (1992), or force a settlement upon a party, *Henry v Prusak*, 229 Mich App 162, 170; 582 NW2d 193 (1998). Nancy, although joined as a necessary party, did not agree to the Agreement that Dominick and plaintiff reached. Despite this, the trial court forcibly added Nancy to the Agreement and thereby improperly forced the settlement on her. See *id*. Moreover, while it may be true that Nancy was present for the proceedings and even during negotiations, our Supreme Court has explicitly noted that the mere fact that a party is present when a contract is created does not make them a party to it. *Peoples Savings Bank v Geistert*, 253 Mich 694, 707; 235 NW 888 (1931).

Additionally, MCR 3.411(H), which governs actions to determine interests in land, states:

---

[3] We disagree with plaintiff's contention that the Agreement was purely contractual and not a conveyance or encumbrance of a property interest. While we agree that the Agreement was not a direct, traditional conveyance of property (as would be the case in the transfer of a deed, for example), the Agreement had an *effect* on defendants' property. The Agreement redrew plaintiff's and defendants' boundary lines and called for the drafting of new deeds to reflect the new boundaries. This change of boundary was a clear change in the property and, accordingly, both Dominick and Nancy were required to consent to that change.

[4] Plaintiff argues that because Nancy *knew* about the lawsuit and the Agreement and *most likely* participated in Dominick's decision to sign the Agreement, the trial court made no error in adding her to the Agreement. However, we discern nothing in the record to support the assertion that Nancy was directly involved in Dominick's decision to sign the Agreement. Plaintiff simply assumes Nancy was involved because of her relationship with Dominick as his spouse.

Except for title acquired by adverse possession, the judgment determining a claim to title, equitable title, right to possession, or other interests in lands under this rule, *determines only the rights and interests of the known and unknown persons who are parties to the action*, and of persons claiming through those parties by title accruing after the commencement of the action. [Emphasis added.]

MCR 3.411(H) mandates that a judgment concerning a claim to title is applicable *only* to those who are parties to the action. In the present case, Nancy was not a party when the Agreement was reached and, accordingly, the Agreement could determine only the rights of Dominick and plaintiff.

Again, we first conclude that the Agreement was invalid from the outset. Additionally, however, we note that binding Nancy to the Agreement plainly deprived her of her right to due process, violated the principle that a trial court may not force a settlement upon a party, and ignored MCR 3.411(H).[5] The trial court's erroneous enforcement of the Agreement was prejudicial because it directly impacted Nancy's property interests. Accordingly, defendants are entitled to reversal.

Lastly, we agree with defendants that the trial court plainly erred in awarding attorney fees. Generally, attorney fees are not recoverable unless expressly allowed by statute, court rule, common-law exception, or contract. *In re Temple Marital Trust*, 278 Mich App 122, 129; 748 NW2d 265 (2008). The burden is on the party seeking attorney fees to prove that the fees were incurred and reasonable. *Reed*, 265 Mich App at 165-166. When the award is based on the unreasonable conduct of a party, the trial court must determine that the unreasonable conduct caused the incurrence of the awarded fees. *Id*. at 165.

The trial court plainly erred by failing to state the grounds on which its award was based and by failing to make a determination about the amount of fees and costs actually incurred. The court's error was prejudicial because without such determinations the award of attorney fees was improper. We note that it appears that the trial court awarded fees based upon plaintiff's allegation that defendant committed a fraud on the court by agreeing to the settlement only to return within mere weeks to contest it. However, just as with a challenge to the reasonableness of attorney fees, *Miller v Meijer*, 219 Mich App 476, 479; 556 NW2d 890 (1996), "when a party makes a motion alleging that fraud has been committed on the court, an evidentiary hearing is *required*." *Williams v Williams*, 214 Mich App 391, 394; 542 NW2d 892 (1995) (emphasis added). See also *Keifer v Kiefer*, 212 Mich App 176, 179; 536 NW2d 873 (1995) ("Where a party has alleged that a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing regarding the allegations."). The trial court in this case held no such hearing before it awarded fees. On remand, in addition to allowing Nancy the opportunity to litigate her property rights, the trial court should conduct an evidentiary hearing to determine if any fraud was perpetrated before it awards any fees based on those allegations.

---

[5] Because we find error requiring reversal on this issue, we need not address defendants' arguments concerning mutual mistake.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood