*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TI GROUP AUTOMOTIVE SYSTEMS, LLC,

      Plaintiff-Appellant,

v

POST MERIDIEM PLASTICS, LTD.,

      Defendant,

and

MILLER CANFIELD PADDOCK AND STONE
and THE MENDELSON LAW FIRM,

      Appellees.

UNPUBLISHED
July 30, 2020

No. 347781
Oakland Circuit Court
LC No. 2017-157855-CB

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the order of the trial court granting it a default judgment against defendant, and challenges the trial court's orders finding that plaintiff violated MCR 2.401(F) and ordering it to pay sanctions to defendant's attorneys. We vacate the challenged orders, and remand for further proceedings.

## I. FACTS

This appeal arises out of a contract and warranty dispute between plaintiff and defendant. Plaintiff manufactures automobile parts, and defendant manufactures custom plastics injection moldings. Plaintiff initiated this action, contending that defendant sold it defective parts for inclusion in plaintiff's fuel tank systems.

During the litigation, the trial court directed the parties to attend a settlement conference, and directed that the CEO of each party appear to facilitate a meeting aimed at settlement. When plaintiff's attorney informed appellees that plaintiff planned to bring a substitute for its CEO, the parties convened a telephone call with the trial court. The trial court again directed that the CEO

-1-

of each party was to attend the settlement conference, and thereafter issued an order requiring plaintiff's CEO to attend.

Plaintiff's CEO, however, did not attend the settlement conference; instead, plaintiff's managing director of the relevant business unit involved in the lawsuit attended as a substitute for plaintiff's CEO. The trial court found that in doing so, plaintiff violated MCR 2.401. After the settlement conference, and after holding a show cause hearing, the trial court determined that the managing director did not have unlimited authority to settle the case and did not qualify as a proper substitute for the CEO under the court rule. The trial court sanctioned plaintiff $55,257 in attorney fees, and directed that the amount was to be paid by plaintiff directly to defendant's lawyers and was not to be offset against any judgment amount plaintiff obtained against defendant. Plaintiff thereafter received a default judgment against defendant on the underlying contract dispute in the amount of $2,918,844. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court erred by holding that plaintiff violated MCR 2.401(F) because its managing director appeared at the settlement conference as a substitute for its CEO. Plaintiff argues that the managing director had adequate knowledge and settlement authority to meaningfully participate in the conference, and therefore qualified as an appropriate substitute under MCR 2.401(F). We agree.

We review de novo the proper interpretation and application of a court rule. *Henry v Dow Chemical Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). In doing so, we apply principles of statutory construction, considering the plain language of the court rule to determine its meaning, and determining the intent of the rule by examining the court rule and its place within the Michigan Court Rules as a whole. *Id*. We enforce the clear and unambiguous language of a court rule as written, and give the language its plain meaning. *Patel v Patel*, 324 Mich App 631, 640; 922 NW2d 647 (2018). We review the factual findings underlying the trial court's application of the court rules for clear error. *Vittiglio v Vittiglio*, 297 Mich App 391, 398; 824 NW2d 591 (2012).

MCR 2.401(F) permits a trial court to compel a party's agent or representative to appear at a settlement conference or to be immediately available at the time of the conference. A representative's failure to attend a settlement conference may constitute grounds for dismissal of the action or other sanctions. MCR 2.401(G)(1). MCR 2.401 provides, in relevant part:

> **(F) Presence of Parties at Conference**. If the court anticipates meaningful discussion of settlement, the court may direct that the parties to the action, agents of parties, representatives of lienholders, or representatives of insurance carriers, or other persons:
>
> (1) be present at the conference or immediately available at the time of the conference; and
>
> (2) have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement.

-2-

The Court's order may require the availability of a specified individual; provided, however, that the availability of a substitute who has the information and authority required by subrule (F)(2) shall constitute compliance with the order.

The Court's order may specify whether the availability is to be in person or by telephone.

* * *

**(G) Failure to Attend or to Participate.**

(1) Failure of a party or the party's attorney or other representative to attend a scheduled conference or to have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

(2) The court shall excuse a failure to attend a conference or to participate as directed by the court, and shall enter a just order other than one of default or dismissal, if the court finds that

(a) entry of an order of default or dismissal would cause manifest injustice; or

(b) the failure was not due to the culpable negligence of the party or the party's attorney.

The court rule thus provides that although the trial court may order that a specified individual be available for a settlement conference, a party complies with the order if it appears with a substitute who has "information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement," as required by MCR 2.401(F)(2).

In this case, the trial court ordered that plaintiff's CEO appear at the settlement conference. Plaintiff instead brought its managing director. The trial court concluded that the appearance of plaintiff's managing director at the settlement conference was not a proper substitute for plaintiff's CEO, and that plaintiff therefore did not comply with the court rule. The trial court observed that during the trial court's show cause hearing, the managing director testified that he had settlement authority "within the limits he set" during his discussions of the matter with his superiors. The trial court therefore found that the managing director

was not an individual who was possessed of "information and authority adequate for responsible and effective participation in the conference for all purposes including settlement," nor was he a person who had "unlimited authority and unfettered discretion to settle the case."

In support of its conclusion that the managing director was required to have "unlimited authority and unfettered discretion," to be an appropriate substitute, the trial court relied on this

-3-

Court's opinion in *Kornak v Auto Club Ins Ass'n*, 211 Mich App 416; 536 NW2d 553 (1995). In *Kornak*, this Court addressed whether the trial court had the authority to direct a party to "produce a representative along with its attorney at a settlement conference regardless of the attorney's unlimited authority to settle . . . ." *Id*. at 421. The version of MCR 2.401(F) then in effect provided that the trial court could direct that "persons with authority to settle the case," be present at a conference in which meaningful discussion of settlement was anticipated, or to be immediately available at the time of the settlement conference.

This Court in *Kornak*, interpreting the prior version of MCR 2.401, observed that "the court rules do not confer upon the lower courts authority to designate who may serve as the representative of [a party]." *Id*. at 422. Reversing the trial court's decision to enter a default as a result of the defendant's failure to bring the representative designated by the trial court, this Court concluded that "[t]he purpose behind MCR 2.401 . . . is satisfied when [a party] sends a representative who has unlimited authority and unfettered discretion to settle the case and who is able to participate in meaningful settlement discussions." *Id*.

The 2003 amendment to MCR 2.401(F) replaced the language that a trial court could require that someone with "authority to settle" attend a settlement conference with the "more flexible requirement that the person attending the proceeding have 'information and authority adequate for responsible and effective participation' in settlement discussions." MCR 2.401, 467 Mich clxxiv (staff comment).[1] The amended court rule also now provides that the trial court "may require the availability of a specified individual," but that the availability of "a substitute who has the information and authority required by subrule (F)(2) shall constitute compliance with the order." This Court's conclusion in *Kornak* that former MCR 2.401(F) was satisfied when a party was represented at a settlement conference by someone with "unlimited authority and unfettered discretion to settle the case," is not equally applicable to the more flexible amended language of MCR 2.401(F). We therefore consider not whether plaintiff's managing director in this case had unlimited authority and unfettered discretion to settle the case, but whether he had "information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement" as required by the amended language of MCR 2.401(F).

At the hearing to show cause, the trial court questioned the managing director regarding his authority to settle the case. The following colloquy occurred:

> *The Court*: Can you make a decision without having to go above it? Can you settle the case?

---

[1] We acknowledge that staff comments are not part of the text of a court rule and are not a binding interpretation of a court rule; they can, however, be persuasive in understanding the proper scope or interpretation of a court rule or its terms. *People v Comer*, 500 Mich 278, 298 n 48; 901 NW2d 553 (2017). Here, the staff comment aptly describes the amended language of 2.401(F) as putting in place a "more flexible" requirement.

*The Witness*:   I can settle with – as I've agreed with my company of what we can settle.

*The Court*:   So if . . . the settlement discussions go you need five dollars more, can you make that decision?

*The Witness*:   Five dollars I would be able to . . .

*The Court*:   Fifty . . .

*The Witness*:   . . . make that decision.

*The Court*:   . . . thousand?

*The Witness*:   . . . Fifty thousand I would . . .

*The Court*:   A hundred . . .

*The Witness*:   . . . be able . . .

*The Court*:   . . . thousand?

*The Witness*:   I would be able to make that decision.

*The Court*:   How far can you go?  How far does your authority take you?

*The Witness*:   My authority goes to settle the case within what I agreed with [plaintiff] to be able to settle it.

The managing director then testified that he had authority to settle the case up to a particular dollar amount, but to exceed that amount he was obligated to call his supervisor.  Based on this testimony, and relying upon the previously applicable standard articulated in *Kornak*, the trial court concluded, in part, that because the managing director did not have unlimited authority to settle the case, plaintiff had not complied with the requirements of MCR 2.401(F)(2).  Under the amended language of MCR 2.401(F), however, we consider whether the managing director had "information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement."  The record indicates that the managing director had, if not limitless authority, at least ample authority to settle the case.  In an affidavit submitted during proceedings after the trial court's ruling, the managing director asserted that during the settlement conference he had made offers of settlement that included reducing plaintiff's demand from $2,740,300 to $2,000,000, and that he had authority to settle for an even lower amount.[2]  Moreover, there is no indication that settlement in this case was hampered by any limitation of the managing

---

[2] He further asserted that although plaintiff ultimately rejected the trial court's proposed settlement figure of $750,000, the reason for the rejection was that it was too low in light of the costs plaintiff had incurred.

director's authority to settle the case.[3]  In *Kornak*, applying the more restrictive language of the version of MCR 2.401(F) then in effect, this Court nonetheless observed that the substituted representative who attended the settlement conference in that case was adequate not merely because there was no limit on his authority, but because "there is no persuasive evidence that the discussions at the settlement conference were meaningless."  *Kornak*, 211 Mich App at 422. Likewise, the record in this case does not suggest that plaintiff's managing director failed to engage in meaningful discussion at the settlement conference, nor that he lacked the authority to make necessary concessions to settle the case.

Further, the fact that the parties did not settle the case is not determinative of whether plaintiff's managing director had authority adequate for responsible and effective participation in the settlement conference.  "A court cannot force settlements upon parties," *Henry v Prusak*, 229 Mich App 162, 170; 582 NW2d 193 (1998) (quotation marks and citation omitted), nor should a party be compelled to settle in order to demonstrate that its representative has the authority to do so.  Because the record does not support the trial court's finding that plaintiff's representative lacked sufficient "information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement," we conclude that the trial court erred when it found that plaintiff violated MCR 2.401(F).

We nonetheless understand the trial court's consternation over the fact that plaintiff and plaintiff's counsel defied the court's direction, and what the record reveals to have been the common understanding of the parties and the court, that plaintiff's CEO was expected to, and would, appear at the settlement conference.  There could have been no mistaking that the trial court expected the CEO to attend the settlement conference, but plaintiff's counsel chose instead to appear with the managing director, without advising the trial court in advance that it would do so. The revised court rule language appears however to allow this choice under these facts and does not support the trial court's award of sanctions.

We vacate the order of the trial court finding that plaintiff did not comply with the requirements of MCR 2.401(F) and the order granting the motion for sanctions, and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola

---

[3] Rather, the record suggests that settlement in this case was unlikely because defendant was without adequate funds to settle the case; the trial court permitted defendant's attorneys to withdraw from the case because defendant was unable to pay them.